## W. H. ALDRICH, PETITIONER, *vs.* FIRST JUDGE OF THE CIRCUIT COURT, FIRST CIRCUIT.

### WRIT OF CERTIORARI.

HEARING, JUNE 18, 1894.                    DECISION, JULY 6, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Circuit judges have jurisdiction to issue writs of *ne exeat.*

The breach of such writ is a contempt of court, even if the petition shows upon its face that the case is not a proper one for the issuance of the writ.

This Court will not, in determining upon *certiorari* the validity of proceedings brought against a party for such contempt, consider the *ne exeat* cause upon its merits.

### OPINION OF THE COURT, BY FREAR, J.

The substantial facts of this case are, that the petitioner, Aldrich, was adjudicated a bankrupt, and Henry Davis was his elected and qualified assignee; that the trust was not settled, and the assignee on learning that the bankrupt was intending to leave this country, applied to a Judge of the Circuit Court, First Circuit, for a writ of *ne exeat* stating that the estate of the bankrupt was unsettled, and that his presence was necessary to enable the assignee to settle the same, and that the absence of the bankrupt would prevent the assignee from obtaining possession of certain property which the bankrupt was entitled to in the State of California. The Circuit Judge issued the writ of *ne exeat* which enjoined the bankrupt under pain of being adjudged guilty of contempt from leaving or attempting to leave this country without the leave of Court, and ordered him to show cause why the writ should not be made absolute.

The writ was issued on the 30th day of May last. The

respondent made answer on the 5th of June. On the return day, June 12, the assignee moved that the bankrupt be attached for violation of the injunction issued, alleging an attempt to leave this country on the 9th of June, by, and on the brig "L'Avvenier." The Court heard the proofs, and adjudged the bankrupt guilty of contempt, and ordered him committed to Oahu Prison for thirty days, "unless he shall sooner be discharged by this Court." The warrant to carry the order into effect was issued on the 15th of June, and delivered to the Marshal for execution. Thereafter, on the same day, a writ of *certiorari* was directed to the Circuit Judge, in response to which the record in the contempt and *ne exeat* proceedings were certified to this Court.

The object in bringing the record here is to determine the validity of the order adjudging the bankrupt guilty of contempt; the argument for the bankrupt being that the injunction of *ne exeat* was void, because the Circuit Judge had no jurisdiction to issue it; and that the breach of a void injunction is not a contempt.

We are of the opinion that the order of *ne exeat* was not void. The Circuit Judge sat as a court of record of general jurisdiction, and the statute (Laws of 1892, Ch. LVII., Sec. 37, Subdiv. 9) expressly empowered him "to issue writs of * * * *mandamus ne exeat regno,*" without defining the cases to which such writs are applicable. Whether this is a proper case for the issuance of the writ is a question which we cannot now consider. The statute (Laws of 1876, Ch. XXXIX., Secs. 27 and 33), authorizes us to set aside upon *certiorari* only such proceedings as are absolutely void. In this case the *ne exeat* proceedings were at most voidable only. Even if the petition showed upon its face that the facts were not such as to justify the issuance of the writ, the proper course for the bankrupt was, not to disregard it, but to apply to the Judge who issued it for an order discharging it. We cannot upon *certiorari* brought to determine the validity of the contempt proceedings consider the *ne exeat* proceedings upon their merits.

In *The People vs. Spalding*, 2 Paige, 329, Chancellor Walworth said : " While the injunction remained in force, it was the duty of the vice-chancellor to punish every breach thereof ; and in no case can a defendant be permitted to disobey an injunction regularly issued, whatever may be the final decision of the court upon the merits of the cause. If there is not sufficient equity on the face of the bill to support the injunction, the proper course for the defendant is to apply at once for a dissolution,   *   *   *   and he may again move the court upon the coming in of his answer."

Again, " a defendant against whom there is *prima facie* evidence of being guilty of a breach of an injunction cannot be heard upon a motion to discharge a *ne exeat* against him in the same cause until he has purged himself of the contempt."

2 Beach Mod. Eq. Prac., Sec. 624.

If therefore the bankrupt was not entitled to be heard by the Judge of original jurisdiction upon a motion to discharge the writ of *ne exeat* until he had purged himself of the contempt, how can he expect this Court to do practically the same thing ?

It is unnecessary for us to consider the other arguments of counsel.

The order of *certiorari* is dissolved, costs to be paid by the petitioner.

*C. W. Ashford*, for petitioner.

*A. S. Hartwell*, contra.