DOMINGOS J. L. MATTOS *v.* W. L. WILCOX, District Magistrate of Honolulu, and JOSE J. CARVALHO.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED DECEMBER 17, 1895.   DECIDED JANUARY 3, 1896.

JUDD, C.J., AND FREAR, J.

*Certiorari* lies to set aside only such proceedings as are absolutely void; not to correct mere errors of judgment, whether of law or fact.

OPINION OF THE COURT BY FREAR, J.

This is an appeal from a decree of a Circuit Judge upon a writ of *certiorari* quashing the proceedings of the District Magistrate of Honolulu in a certain action, and directing the Magistrate to try the case anew.

The action was assumpsit for money loaned and for money paid upon an indorsement, with an arrest of the defendant, Carvalho, as a fraudulent debtor. The plaintiff, Mattos, proved the indebtedness, and to show that it was contracted in a fraudulent manner, testified that he loaned the money and indorsed the note in reliance upon defendant's statement that he had $600 in the hands of a man at Honokaa, and that defendant now denies that he ever made such statement. The plaintiff then rested and the defendant moved for a discharge from custody on the ground that the fraud was not made out. The motion was granted. The defendant then admitted the indebtedness, but testified that he had executed a mortgage to secure it, with his father as surety, and that the mortgage had been sent home (to Madeira) for his father's signature; that the mortgage was for three years and that the plaintiff had agreed to it. Plaintiff's

counsel then informed the court that he had nothing further to say, and judgment was rendered for the defendant.

It is contended that the Magistrate was without jurisdiction to order the defendant's discharge, for the reason that there was no evidence to disprove the fraud; also that he was without jurisdiction to render the final judgment, for the reason that no payment of the debt was shown.

The error, if any, of the Magistrate was one of judgment, not of excess of jurisdiction. He had jurisdiction of the parties and the subject matter and to render the particular judgment. There was no refusal to hear evidence, nor even a decision without evidence, but the question is one merely of correctness of a decision upon the sufficiency of the evidence whether in law or fact. An erroneous decision is not necessarily void or in excess of jurisdiction. Jurisdiction is the power to hear and determine, and does not depend upon the correctness of the decision made. *Certiorari* is the proper remedy only when the proceedings are absolutely void. It does not lie to correct mere errors of judgment made within the limits of jurisdiction. *Aldrich v. Circuit Judge,* 9 Haw. 470; see also *Kan Wing Chew v. Wong Lung,* 8 Ib. 187.

The decree appealed from is reversed and the writ dissolved, costs to be paid by the petitioner.

*G. A. Davis,* for petitioner.

*W. S. Edings,* for respondents.