# IN THE MATTER OF JOHN ATCHERLEY, AN ALLEGED INSANE PERSON.

## APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED NOVEMBER 15, 1909.                DECIDED NOVEMBER 20, 1909.

### HARTWELL, C.J., WILDER AND PERRY, JJ.

CERTIORARI—*grounds for review.*

Certiorari lies to set aside only such proceedings as are absolutely void; not to determine the correctness of findings of fact or the sufficiency of the evidence to support the findings.

ID.—*no invalidity found.*

Upon the facts stated in the opinion, no invalidity is found in the proceedings of the lower tribunal.

OPINION OF THE COURT BY PERRY, J.

This is an appeal by Dr. John Atcherley from an order of a circuit judge dissolving a writ of certiorari which had been issued to the chairman of the commissioners of insanity commanding him to send to the circuit judge a certified copy of the proceedings had before the commissioners in the matter of the appeal of the present petitioner to the end that their validity might be ascertained.

The petitioner was taken into custody on a warrant issued by the district magistrate of Honolulu and based upon an affidavit sworn to by the sheriff of the city and county of Honolulu. After due hearing the magistrate found that the petitioner was insane and that it would be unsafe to allow him to be at large, entered judgment to that effect, issued a commitment authorizing detention at the insane asylum until the patient becomes sane or is discharged according to law and sent to the chairman of the commissioners of insanity a certificate of his findings and judgment together with a brief statement of the facts upon which his judgment was based. From that judgment the petitioner appealed to the commissioners of insanity. The latter, after hearing, came to the same conclusion on the merits as had the magistrate and entered judgment dismissing the appeal and committing the petitioner to the custody of the superintendent of the asylum.

Under the present writ the petitioner attacks the constitutionality of Act 149 of the Laws of 1909 under which his examination and commitment were had. All of the grounds and arguments now urged, however, on this point were presented upon certain questions reserved by the circuit court, first circuit. See *In re Atcherley,* ante 535. It is there held that the act is not unconstitutional for any of the reasons stated. The questions there decided will not be now re-examined.

As to the alleged invalidity of the proceedings before the commissioners. The hearing occupied parts of three days. Nine

witnesses were examined on behalf of the Territory and seventeen on behalf of the petitioner. The latter was present in person throughout the trial and heard all of the evidence adduced, conducted his own case, declining to employ counsel, examined his own witnesses and cross-examined those produced against him. He now complains that the commissioners did not permit him to produce certain other witnesses whom he desired to have examined, on the ground, as he states, that the commissioners were under the act without power to compel the appearance of such witnesses or to administer oaths to them when produced; and also that he was not permitted to argue in his own behalf at the close of the evidence. Assuming for the moment that the commissioners were without power to administer oaths or to compel the attendance of witnesses, we have already held (ante p. 535) that due process of law does not require more than one trial, that that requirement was fully complied with by the trial had before the magistrate and that the petitioner if he elected to appeal to the commissioners must accept a hearing such as is provided for by Act 149. We prefer, however, to refer to some of the specific objections made in the attempt to show that the proceedings were invalid.

The return shows that the petitioner at the close of the evidence "argued and testified" for two and a half hours. He cannot reasonably complain that more time was not allowed him. The return also shows with reference to the four persons whom the petitioner named as proposed witnesses that the attorney representing the Territory upon the request being made for such witnesses admitted that they would testify to the effect claimed by the petitioner. No further request for their appearance was made. The petitioner appears to have accepted the admission in lieu of the testimony itself. Moreover, without specifying it, the evidence of the proposed witnesses as outlined at the time by the petitioner was immaterial and inadmissible. The same is true of the evidence of other persons of whom no

mention is made in the return but whom, it is claimed in the brief, petitioner was not permitted to call as witnesses. The refusal of the commissioners to cause the production before them of a patient at the asylum who was claimed by the petitioner to be "a real paranoiac" and to summon a chemist, not named, to test, presumably in the presence of the commission, certain drugs of a kind claimed to have been administered at the asylum to the petitioner was not even erroneous. Whether the evidence adduced was sufficient to sustain the findings of the commissioners and whether the commissioners committed an error of judgment in making those findings are matters which are not reviewable on certiorari. See, for example *Mattos* v. *Wilcox*, 10 Haw. 186, 187; *Aldrich* v. *First Judge*, 9 Haw. 470, 471. No question is made about any jurisdictional facts. The failure of the commissioners to send in obedience to the writ a transcript of the evidence becomes therefore immaterial.

The return shows that the petitioner had a full and fair trial before the commissioners. There was no invalidity in the proceedings.

The order appealed from is affirmed.

*Petitioner* pro se.

*F. W. Milverton, Deputy City and County Attorney (J. W. Cathcart, City and County Attorney,* with him on the brief), for respondent.