## MAE B. ZUMWALT *v.* J. L. W. ZUMWALT.

### No. 911.

ERROR TO CIRCUIT JUDGE, FOURTH CIRCUIT.

HON. C. F. PARSONS, JUDGE.

ARGUED JULY 11, 1916.　　　　　　　　DECIDED JULY 18, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

DIVORCE—*residence—domicil.*

In statutes relating to divorce the term "residence" is used in the sense of and as the equivalent of "domicil."

Opinion of the Court.

SAME—*separate domicil of wife.*

> The domicil of a married woman is that of her husband, and she may not acquire a separate domicil by living apart from her husband where it is not shown that he had given her cause for divorce prior to the separation.

SAME—*statutory requirement as to residence—jurisdiction.*

> The provisions of section 55 of the Organic Act and section 2927 of the Revised Laws, 1915, that the applicant for a divorce shall have resided in this Territory for two years next preceding the application, are mandatory and jurisdictional, and a circuit judge is without authority to grant a divorce in the absence of proof of domicil for the necessary length of time.

OPINION OF THE COURT BY ROBERTSON, C.J.

The libellant, now defendant in error, instituted a suit for divorce from her husband in the fourth judicial circuit on the 24th day of August, 1915. The grounds upon which the divorce was sought, as set forth in the libel, were the extreme cruelty of the husband during six months then last past, and his refusal to provide suitable maintenance for his wife for a continuous period of more than ninety days, though able to furnish same. The circuit judge found that the allegations as to the extreme cruelty of the libellee had been proven and on that ground granted the decree prayed for.

The only question which we find it necessary to pass on is that as to the jurisdiction of the circuit judge to entertain the suit and grant the decree. The point made by the plaintiff in error is that the libellant had no right under the law to institute or maintain the suit since she had not acquired a domicil in this Territory as required by law. Section 55 of the Organic Act of this Territory provides that "No divorce shall be granted by the legislature, nor shall any divorce be granted by the courts of the Territory unless the applicant therefor shall have resided in the Territory for two years next preceding the application." Section 2927 of the Revised Laws provides the same re-

quirement as to residence. It was shown that the parties were married in this Territory on December 27, 1893; that in 1902 the family moved to Colusa, California, where the libellee engaged in the grocery business and purchased a home; that the business prospered for a time but afterwards declined, and the libellee began to consider returning to Hawaii; that in 1912 the parties were visited by the libellant's mother, on whose return to Hilo in that year she was accompanied by two of the parties' children; that shortly after that one of the children wrote to the libellant informing her that the grandmother was in poor health and suggesting that she should come to Hilo; that the parties agreed that the libellant should go to Hilo and stay with her mother, and that the libellee would follow as soon as he could sell his property and close out the business; that the libellant with her youngest child went to Hilo in June 1913; that the libellee remained at Colusa with one child until in September 1914, when he finally sold the home and closed out the business, and arrived in Hilo on October 1, 1914, and, finding employment, has continued to live there. There was some conflict in the testimony as to the relations between the parties up to the time the libellant left Colusa, but it is not contended that any ground for divorce existed or that she went to Hilo otherwise than pursuant to the mutual arrangement stated.

On behalf of the defendant in error it is contended that upon the circumstances related the libellant had had a *bona fide* residence in the Territory from the time of her arrival in Hilo and, therefore, for upwards of two years prior to the commencement of the suit, so that the requirement of the law was satisfied; that a wife may have a different domicil from that of her husband; and that the libellee is estopped, by reason of his acquiescence to his wife's going to Hilo, from claiming that she had not acquired a legal residence or domicil there.

A distinction is drawn between a residence and a domicil. In Bouvier's Law Dict. (8th ed.) 2920, it is said, "A residence is different from a domicil, although it is a matter of great importance in determining the place of domicil. The essential distinction between residence and domicil is that the first involves the intent to leave when the purpose for which one has taken up his abode ceases. The other has no such intent; the abiding is *animo manendi.* One may seek a place for the purposes of pleasure, of business or of health. If his intent be to remain, it becomes his domicil; if his intent be to leave as soon as his purpose is accomplished, it is his residence." But in statutes relating to divorce the term "residence" is used in the sense of and as the equivalent of "domicil." *Downs* v. *Downs,* 23 App. Cas. (D. C.) 381, 388; *Sneed* v. *Sneed,* 14 Ariz. 17; *King* v. *King,* 74 N. J. E. 824; *Humphrey* v. *Humphrey,* 115 Mo. App. 361, 363; *Harrison* v. *Harrison,* 117 Md. 607, 612; *Cohen* v. *Cohen,* 84 Atl. (Del.) 122; *Bechtel* v. *Bechtel,* 101 Minn. 511, 515; *Andrews* v. *Andrews,* 176 Mass. 92; *deMeli* v. *deMeli,* 120 N. Y. 485. The libellant's domicil was that of her husband (14 Cyc. 846) and his domicil, two years prior to the commencement of the suit, was in California where he had maintained a permanent residence since 1902. His mere intention to dispose of his property there and return to this Territory did not terminate that domicil. "The acquisition of the new domicil must have been completely perfected and hence there must have been a concurrence both of the *factum* of removal and the *animus* to remain in the new locality before the former domicil can be considered lost." 14 Cyc. 852. It is true, as contended by counsel for the defendant in error, that for purposes of divorce the wife may acquire a domicil of her own distinct from that of her husband, but, as the authorities show, that is where he has given her cause for divorce prior to the separation. *Barber* v. *Barber,* 21 How. 582, 595;

*Haddock* v. *Haddock,* 201 U. S. 562, 570; *Williamson* v. *Osenton,* 232 U. S. 619; *Michael* v. *Michael,* 79 S. W. (Tex.) 74; *Kendrick* v. *Kendrick,* 188 Mass. 550; *Sneed* v. *Sneed, supra.* We fail to see why the libellee should be held to be estopped from claiming that the libellant had not had a domicil in this Territory for the required length of time. We hold that under the circumstances of this case the libellant's residence in this jurisdiction did not commence before her husband arrived at Hilo, and that her suit was prematurely brought.

This court has held that the statutory provision that causes of divorce shall be triable only in the circuit where the parties last lived together as man and wife, or, if they have not so last lived together in this Territory, in the circuit where the applicant resides, is jurisdictional and cannot be waived by the parties. *Martello* v. *Martello,* 19 Haw. 243. So also as to the statutory provision that jurisdiction of a libel for divorce shall not be entertained until at least thirty days after service of summons on the libellee. *Markle* v. *Markle,* 20 Haw. 633. And we hold that the provisions of the Organic Act and the statute of this Territory as to the residence of the libellant for two years next preceding the commencement of a suit for divorce are mandatory and jurisdictional, and that the circuit judge was without authority to grant the decree in the absence of proof of domicil for the necessary length of time. See *Bradfield* v. *Bradfield,* 154 Mich. 115; *Prall* v. *Prall,* 50 So. (Fla.) 867; *Lawrence* v. *Nelson,* 113 Ia. 277; *Rumping* v. *Rumping,* 36 Mont. 39; *Holton* v. *Holton,* 64 Ore. 290.

The decree is reversed and the cause is remanded to the circuit judge with direction to dismiss the libel.

*J. W. Russell* for plaintiff in error.

*H. L. Ross* (*W. S. Wise* and *E. A. Mott-Smith* with him on the brief) for defendant in error.