DAVID D. ANDERSON *v.* NORMA LOUISE ANDERSON.

No. 2700.

ARGUED NOVEMBER 8, 1948.          DECIDED NOVEMBER 8, 1948.

KEMP, C. J., LE BARON, J., AND CIRCUIT JUDGE PENCE IN PLACE OF PETERS, J., ABSENT.

OPINION OF THE COURT BY LE BARON, J.

This is an appeal from an order of the circuit judge at chambers dismissing a libel for divorce. A jurisdictional question of residence in the Territory is the only question presented.

There are no facts in dispute. The libelant was an officer in the army of the United States, formerly stationed

and living in the mainland of the United States. He requested army authorities that he be transferred to the Territory. One of his purposes for doing so was to establish residence in the Territory. His request was granted and at his instance "Hawaii" was entered on his military record as his place of residence before he embarked from the mainland. Pursuant to military orders, he arrived in the Territory on May 9, 1945. He was immediately stationed and assigned living quarters on the military reservation known as Schofield Barracks. He lived in those quarters but, when army life became monotonous, frequently as a paying guest stayed overnight away from the reservation at the home of friends in Honolulu. The longest of these overnight stays was of two months duration. Each morning after staying overnight he reported for active military duty at Schofield Barracks. During the period of active military duty, he never abandoned his living quarters on the reservation. At some indefinite date, for which there is no exact legal proof, but some time more than two months after arrival, he separated from active military duty and made his home in Honolulu as a civilian, his terminal pay from the army ending on February 26, 1947. On May 10, 1947, two years and one day after his arrival in the Territory, he brought divorce action in the first circuit court against the libelee who had remained in the city of Washington, District of Columbia, where the parties had last lived together as husband and wife.

Whether or not these facts amount to sufficient proof of residence in the Territory to afford the circuit judge jurisdiction to grant a divorce, is the question of law presented on appeal.

Section 55 of the Hawaiian Organic Act and section 12211 of Revised Laws of Hawaii 1945, both clearly state that no divorce shall be granted "unless the applicant

therefor shall have resided in the Territory for two years next preceding the (his) application." This residence requirement is mandatory. It means that to maintain an action for divorce the libelant must have established residence in the Territory at a time which antedates the filing date of his divorce libel by at least two years, the word "residence" being used in the sense of and interpreted as the equivalent of the word "domicile." (*Zumwalt* v. *Zumwalt,* 23 Haw. 376; *West* v. *West,* 35 Haw. 461.)

To the end that domicile may be acquired, both the fact and the intent must concur. Actual residence and the intention to remain either permanently or for an indefinite time, without any fixed or certain purpose to return to the former abode, are required to constitute a change of domicile. In other words, the essentials upon which the conclusion of a change of domicile must rest are an intention to abandon the old domicile and to acquire a new one in another place where a residence has been factually established in contradistinction to one theoretically established. (*West* v. *West, supra.*) But the length of actual residence is immaterial to the acquisition of a domicile. A day or an hour will suffice. (*Winans* v. *Winans,* 205 Mass. 388, 91 N. E. 394.) If a domicile has been acquired in the Territory two years before divorce action, the applicant is entitled to maintain that action irrespective of the fact that he may have been called away or may have visited other lands after the acquisition of his domicile, provided that he had not in the meantime abandoned it and acquired another elsewhere. (*West* v. *West, supra.*)

In this case, the extent of the libelant's physical presence within the Territory, prior to filing his divorce libel, is that of two years and one day. For more than two months of the first part of this period, the libelant was on active military duty either living on the reserva-

tion as an army officer or having a temporary existence of overnight stays away from it in the home of others as a paying guest, but neither fact, separately or in conjunction with each other, constitutes actual residence in the Territory or amounts to the establishment of one as an abode or dwelling place within the meaning of the mandatory and jurisdictional requirement of the Organic Act and statute. (See *West* v. *West, supra.*) Thus, although the libelant had a continuing intent to abandon his old domicile and acquire a new one in the Territory, that intent did not concur with the establishment of actual residence therein at a time antedating the filing date of his libel by at least two years, because under the facts of this case actual residence, if any, must necessarily have been established after the libelant separated from active military duty, which was less than two years before he filed his divorce libel. The filing of the libel, therefore, was premature and the dismissal warranted.

Order affirmed.

*C. B. Dwight* (also on the brief) for libelant-appellant.