WILLIS B. BLACKBURN *v.* VERA T. BLACKBURN.

NO. 2998.

ARGUED MARCH 23, 1955.          DECIDED APRIL 19, 1955.

TOWSE, C. J., STAINBACK AND RICE, JJ.

OPINION OF THE COURT BY STAINBACK, J.

This is a libel filed for divorce by Willis E. Blackburn charging the libelee, Vera T. Blackburn, with grievous

mental suffering. Service was made upon the libelee in California where she had been since July, 1953.

The parties were married at Las Vegas, Nevada, in March, 1953, and came to Honolulu during the first part of June, 1953; libelee returned to California in July, 1953, to arrange for sale of her house and such of her furnishings as she did not wish to keep.

There was a plea to the jurisdiction, the libelee alleging that the libelant had not resided within the Territory for two years next prior to the commencement of the suit of December 14 but that he was and had been for many years a resident of California.

The only witness was Mr. Blackburn though it was stipulated that an affidavit of Mrs. Blackburn should be admitted in evidence to be considered for all purposes as her testimony.

The two principal questions raised on the appeal were, first, that libelant's evidence failed to prove residence for the requisite period for divorce and, second, that libelant's evidence failed to make out a prima facie case of mental cruelty.

Not long after Mrs. Blackburn's departure for San Francisco, Mr. Blackburn left Honolulu and joined her there and lived with her at the Huntington Hotel in San Francisco and also at the Hillcrest Hotel in Oakland. While there Mrs. Blackburn consulted with her doctor and stated she would return to Honolulu when she was well. However, according to Mr. Blackburn's testimony, she refused to come back unless he sent away his child by a former marriage who, after libelant's marriage to libelee, had been brought to Honolulu to live with them.

Suit was filed a few weeks after libelant's unsuccessful efforts to induce Mrs. Blackburn to return to Honolulu and resume living with him.

Libelant was originally from Fresno, California, where

he had a business which he still owns and operates. He established a business in Honolulu in 1946 and after about a year incorporated it and he is still the owner of shares of the corporation. The manager of his local business resigned in 1950 and the libelant came here and took over its management. In 1950 libelant had a serious operation and, according to his testimony, in the same year after his operation he felt better and decided to make Hawaii his home and take care of his local business. Since said date he has managed the business in Honolulu but has made numerous trips to the mainland where he also has continued his business.

Mrs. Blackburn's affidavit, which by stipulation was admitted in evidence to be considered her testimony for all purposes, stated in substance, among other things, that the libelant made a false oath to the effect that continuously for a period of two years prior to the commencement of said libel on December 14, 1953, he was a resident of the City and County of Honolulu, Territory of Hawaii; that in truth and in fact for the two years immediately preceding the date of the filing of the libel, and for a long time prior thereto, libelant had been a legal resident of the City of Fresno, State of California; that in making his Federal and also State of California income-tax returns he stated in said returns under oath that he was a resident of California, said returns being for the years 1952 and 1953; that the libelant upon making application for a marriage license in the City of Las Vegas, State of Nevada, on or about the 13th day of March, 1953, gave as his legal residence the City of Fresno, County of Fresno, State of California, and that the marriage certificate issued at the time of the marriage of affiant and libelant gives the residence of the libelant as the City and County of Fresno, State of California; that subsequent to the marriage, libelant and libelee drove by automobile through Texas to

El Paso, Texas, and on April 4, 1953, at the immigration office in El Paso, Texas, libelant applied for and obtained a tourist card to enter Mexico at Juarez, Mexico, and gave his legal residence as Fresno, California; that on the 18th and 22nd days of September, libelant and libelee registered at the Hillcrest Hotel in Oakland, California, and on each occasion gave his residence address as Fresno, California; that on September 28, 1953, libelant registered at the Huntington Hotel in San Francisco and gave his address as Route 4, Box 147, Fresno, California; that on leaving Hawaii on several occasions by way of Pan American Airlines he gave his place of residence as Fresno, California; that libelant told libelee that his legal residence was and is in Fresno, California; that he does not pay income tax in Hawaii but pays income tax in California; and that to affiant's knowledge libelant has never stated on any other occasion that his legal residence was anywhere but Fresno, California; that he had never stated on any other occasion that his legal residence was Honolulu, Hawaii, save and except on the single occasion of making oath that his legal residence was Honolulu in the libel for divorce.

Under section 55 of the Organic Act the applicant for a divorce must have "resided" in the Territory of Hawaii for two years next preceding the application. The term "resided" has been construed to mean "domiciled." (*Zumwalt* v. *Zumwalt,* 23 Haw. 376.) To acquire a new domicile there must be residence or bodily presence in the new location and an intent to remain. Act and intent must concur and there must be an intention to abandon the old domicile. (*Powell* v. *Powell,* 40 Haw. 625.)

Domicile is proved by evidence of two facts: physical presence at a particular place and intention of the party to reside there permanently; or, as is sometimes said, to make the place his home with no present intent to leave

at any foreseeable future time.

The domicile of origin or a domicile once established is presumed to continue and one alleging that a change has taken place has the burden of proof. (*People* v. *Estate of Moir,* 207 Ill. 180; *Firth* v. *Firth,* 50 N. J. Eq. 136.)

The petitioner must prove the domicile "by clear and convincing evidence." (*Firth* v. *Firth, supra.*) This clearness of proof is due to some extent to the fact that the public has an interest in divorce cases. (*Beall* v. *Beall,* 24 Haw. 29, 38; *Kiakona* v. *Kiakona,* 35 Haw. 849, 852.) In the *Kiakona* case the statement is made: "It has frequently been held by the courts that a divorce action is really a triangular proceeding in which the husband and wife and the State are parties. When an attempt is made through the courts to undo a marriage the State becomes in a sense a party to the proceedings, not necessarily to oppose but to make sure that the attempt will not prevail without sufficient and lawful cause shown by the real facts of the case * * *."

The fact of intention sometimes involves difficulties in proof. The declarations of a person accompanying change of dwelling place are competent to explain the change as part of the *res gestae*. Where the declarations of the party have no object or inducement to deceive those to whom such declarations are made and before any controversy, they are of great weight. Such declarations as affidavits filed with the tax assessors, declarations made before or at the time of leaving a former domicile, and all acts and conduct which fairly indicate his purpose, even though it may not be a part of the *res gestae,* are admissible in evidence; such acts as the exercise of political rights, the payment of personal taxes, the sale of a former house together with its furniture, selection of a burial place for members of his family or for his burial, and his identification in regard to the social and business life of a place, his

membership in lodges and clubs, his church activities, are all evidence to be considered. Registrations at hotels and resorts are also admissable. (17 Am. Jur., Domicil, §§ 89, 91, pp. 641, 643.)

"Intention has always been given large consideration, but claimed intention without acts to support it is not controlling." (17 Am. Jur., Divorce and Separation, § 260, pp. 285, 286.)

"He swears * * * that his intention has always been to retain his domicil of origin. The actual intention of the person whose domicil is in dispute is, in cases of this kind, a fact of great importance, but the best and most trustworthy evidence of it is found, as a general rule, in his acts rather than in his declarations. His declarations may be competent as evidence of his intentions, but they are by no means conclusive, and when they are contradicted by decisive acts of habitancy, as holding office, voting and the like, their probative force is very light." (*Firth* v. *Firth,* 50 N. J. Eq. 137, 142.)

So far as the record discloses, libelant at no time prior to the institution of his action for divorce made any statement or claim showing that his residence or domicile was in Honolulu, at no time made his intent known to any person either within or without the Territory that he claimed Honolulu as his residence or domicile. He made no specific denial of the matters set forth in Mrs. Blackburn's affidavit. There is in evidence and on file a photostatic copy of the registration of the libelant and his wife at the Huntington Hotel which gives his address as Fresno, California; further, there is also in evidence and on file a photostatic copy of the marriage certificate issued to libelant in Las Vegas which gives his residence as Fresno, California. Nor is there any specific denial of the sworn statement of the libelee that in his application for a marriage certificate he gave his residence as Fresno, California.

It further appears that libelant never filed a personal income-tax return in Hawaii as the statute requires, and it does appear that he did file a Federal income-tax return in California giving his residence as California, and apparently filed a personal income-tax return in California. Libelant never owned a residence or home in Hawaii, never registered to vote in the Territory, never brought his daughter to live with him in the Territory until after his marriage, and at no time prior to the institution of the suit did he make any statement or do any act showing his residence and domicile was Honolulu, save and except to manage subsequent to 1950 one of his business enterprises located here. Apparently he did decide to make this his home after his marriage as he came to Honolulu with his wife and she brought her furniture here and he brought his daughter to the Territory. Prior to such time the record is entirely silent on his intent to make Hawaii his home; the first expression of such intent is a self-serving declaration made in his action for divorce.

While the trial judge found that the petitioner was domiciled in the Territory, on appeal this court is not necessarily bound by such finding. "On an appeal from a decree in a divorce case the entire record is brought up and this court will draw its own conclusions as to the facts from a consideration of all the testimony. In cases turning wholly or largely on the credibility of witnesses and the weight of evidence much weight will ordinarily be accorded the findings of the trial judge." (*de Coito* v. *de Coito*, 21 Haw. 339, 340.)

This same rule applies to both equity and divorce. "An appeal in an equity case brings the entire record up for scrutiny and review and the findings of fact made by the trial judge are not binding on this court though when the evidence is conflicting and the findings depend upon the credibility of witnesses and the weight of oral testimony

great weight will be given by this court to the findings of the trial judge because the latter saw and heard the witnesses and was in a better position to pass upon their credibility where acts sometimes speak clearer than words." (*Watumull* v. *Ettinger*, 39 Haw. 185.)

"* * * since actions speak louder than words the conduct of a person is the most important evidence of his intention to acquire a domicil in a place." (Beale, "Proof of Domicil," 74 Am. L. Reg. 560; *People* v. *Estate of Moir*, *supra.*)

If we examine the record in the light of the evidence and the decisions, it appears that the libelant has failed to prove domicile in Hawaii by "clear and convincing evidence." Such being true, it is unnecessary to pass upon the question of whether libelant's evidence made out a prima facie case of mental cruelty.

Reversed and remanded for further proceedings in conformity herewith.

*E. J. Botts* (also on the briefs) for libelee-plaintiff in error.

*W. B. Cobb* (*Levinson & Cobb* on the brief) for libelant-defendant in error.