Birdie Amsterdam, J.
In this action plaintiff seeks a judgment declaring that an Arkansas decree of divorce obtained by defendant, her husband, is invalid.
*283 The complaint alleges the marriage of the parties in Wichita Falls, Texas, on February 20, 1943, the issue of said marriage being two sons, aged 13 and 11, born in the State of New York, and that the marriage has not been dissolved by a court of competent jurisdiction. It further alleges that at the time the parties were residents of the State of New York the defendant went to Hot Springs, Arkansas, in 1958, for the primary purpose of commencing an action for divorce against plaintiff in the Chancery Court of Garland County, State of Arkansas; that for the purpose of that action he made false claim of residence in that jurisdiction; that she did not appear therein nor had she ever been served with any process or papers in that action; that even before he obtained that decree of divorce the defendant returned to New York, where he still resides; that said divorce is colorable and of no legal force and effect. Plaintiff maintains that defendant never was a bona fide domicilary of Arkansas, that at the time he obtained the divorce he was and still is a resident of the State of New York and that he went to Arkansas solely to evade the jurisdiction of the State of New York.
Defendant’s answer consists of a general denial except for admitting his marriage to plaintiff and birth of issue, and for asserting defendant’s present residency in the State of New York and the validity of his Arkansas decree.
Plaintiff’s evidence consisted of her testimony, certain exhibits and the examination before trial had of defendant. By the examination, plaintiff elicited from defendant that he instituted an action for divorce against plaintiff in Garland Chancery Court, Arkansas, a day or two after he left New York in the beginning of November, 1957; that he went to Hot Springs where he stayed for three months; that he returned to New York at the end of January or beginning of February, 1958; that he never returned to Arkansas.
One of the exhibits in evidence consisted of a set of papers which included the following: (1) a certified copy of the summons and complaint in an action for divorce by defendant herein (plaintiff therein) against plaintiff herein (defendant therein), filed in the Garland Chancery Court, Arkansas, on January 31, 1958, together with (2) an affidavit of service of same, made by the father of the defendant herein, dated February 18, 1958, upon plaintiff at the Kings Park State Hospital in New York, and also upon the Superintendent of said hospital, (3) a notice of appearance by the Attorney-General of the State of New York on behalf of said hospital, (4) a copy of a letter addressed to plaintiff herein by one N. C. Lewis of Arkansas of his appoint *284 ment by the Arkansas court as guardian ad litem to represent her in the Arkansas action, (5) the certificate of the Clerk'and notary, and (6) the final decree of divorce in said action entered on April 23, 1958, against plaintiff (defendant therein) on default on the alleged ground of cruel and inhuman treatment.
Plaintiff testified that in the latter part of 1945 or early 1946, after defendant concluded his military service, the parties took up their residence in the State of New York where they resided continuously; that they executed a separation agreement dated February 21, 1957 and that from the early part of 1957 until August, 1958 plaintiff was a patient at the Kings Park State Hospital in the State of New York (the court observing, however, that no showing was made that plaintiff was ever adjudicated incompetent or insane); that she had not been served with process in said Arkansas action; that she did not appear therein; that she never authorized any person to appear for or represent her; that she never was in Arkansas, nor had she received any communication from anyone describing himself as her guardian ad litem or informing her that he had been appointed as her guardian ad litem; that she first learned of the Arkansas decree in December-of 1959 or in the early part of 1960; that a doctor at the hospital in New York where she was a patient read the summons and complaint to her but did not give them to her.
Defendant testified that prior to November, 1957 he was a resident of the State of New York, engaged in a newspaper delivery business in Levittown, Long Island; that in November, 1957, he went to Hot Springs, Arkansas, intending to live and work there, having heard of an opportunity in a business venture similar to the type he had in New York; that he spent three weeks with the prospective seller in Hot Springs but decided not to buy; that he looked for other business opportunities there but they were not what he expected and he returned to New York in February, 1958.
On cross-examination he testified that he was in New York on December 1, 1957, then went back to Arkansas; that in February, 1958 he returned to New York and since then has been residing continuously in New York; that he could not recall the name, telephone number or address of the party with whom he had spent three weeks in connection with the prospective purchase of the business in Hot Springs, nor could he remember the name or address of the hotel in Hot Springs where he testified he had stayed for more than three months; he failed to produce any hotel receipts or bills corroborating such accommodations ; he admitted he instituted his action for divorce against *285 plaintiff in Arkansas shortly after he arrived there and returned to New York before the decree was entered and a few days after he received the divorce decree he remarried. Too, he admitted that his automobile was insured against liability in New York in 1957 and 1958 under a New York residence which remained unchanged on the policy; that he never requested the New York Bureau of Motor Vehicles to change his residence on his registration in 1957 or 1958, nor did he request a change of residence in his New York driver’s license which had been issued to bim at a New York address; that he did not change his residence address with any official agency when he left New York and went to Arkansas; that he did not file tax returns with any Federal or State authorities showing that he had become a resident of Arkansas for the period from November, 1957 to February, 1958.
No proof was adduced to rebut plaintiff’s denial that she had been served with process in the Arkansas divorce action or that she had appeared therein. Defendant’s father, although present in the courtroom during the trial, was not called by defendant to controvert plaintiff’s testimony that she was never served by him.
A mere intention to acquire a domicile, absent proof of actual acquisition, does not warrant a finding of termination of one domicile and acquisition of a new one. The intention of a person in respect of his domicile must be determined from all the facts and circumstances attendant upon same (Matter of Newcomb, 192 N. Y. 238; Dupuy v. Wurtz, 53 N. Y. 556; Matter of Sorrentino, 71 N. Y. S. 2d 451, affd. 272 App. Div. 919, affd. 297 N. Y. 696).
The primary material issue posed in the instant trial is whether the Arkansas decree is entitled to full faith and credit in New York. It is now well established by decisional law that a decree of divorce of a sister State is prima facie valid and entitled to recognition by the courts of this State save when competent proof establishes that the sister State lacked jurisdiction to grant the decree (Williams v. North Carolina, 325 U. S. 226). The judicial power to grant a divorce is founded upon domicile (Bell v. Bell, 181 U. S. 175; Andrews v. Andrews, 188 U. S. 14). A finding in such other State, that the plaintiff in the divorce action was a domicilary there, may nevertheless be attacked collaterally in this State (Matter of Lindgren, 293 N. Y. 18; Caldwell v. Caldwell, 298 N. Y. 146; Garvin v. Garvin, 302 N. Y. 96) and, upon a determination that the plaintiff was not in fact domiciled in the sister State, its decree may be declared null and void and not entitled to full faith and credit here.
*286 After thorough appraisal of all the evidence herein I conclude and find by a preponderance of the credible proof that defendant was not a bona fide domiciliary of the State of Arkansas and that plaintiff was not rendered amenable to the jurisdiction of the Arkansas court by any claimed service of process upon her, nor had she appeared therein. Since I find that the Arkansas court lacked jurisdiction, its decree accordingly is declared a nullity, and plaintiff is declared the lawful wife of the defendant herein.
All motions on which decision was reserved are resolved in accordance with this determination.
Anent the question of counsel fees, plaintiff is entitled to the sum of $50 for the unpaid balance of counsel fee heretofore awarded under the order of this court dated January 20, 19G0, and an additional award in the sum of $200 for counsel fees is granted her, for which sum judgment may be entered, together with the taxable costs and disbursements of this action.