HELEN FUMIKO ARAKAKI, Libellant-Appellee,
*v.*
BRUCE YOSHIO ARAKAKI, Libellee-Appellant

No. 5214

November 2, 1972

Richardson, C.J., Marumoto, Abe,
Levinson and Kobayashi, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

This is an appeal from an order denying libellee-appellant's motion to set aside a final decree of divorce. Pursuant to Revised Laws of Hawaii (1965 Supp.), service of process was effected by registered mail since appellant was an employee of the Federal Government

working in Japan. In an ex parte proceeding on March 19, 1966, the court granted the interlocutory decree of divorce which appellant now contests. That decree ordered appellant to convey his "rights, title and interest" in certain real property to his wife, libellant-appellee, and to hold appellee harmless from any liability on the existing mortgage.[1] Appellant was also ordered to pay as child support the sum of $125 per child per month. He has not made any support payment, but has made the regular monthly mortgage payment since March, 1966, although appellee remarried in 1968, and the children were thereafter adopted by her new husband.

Appellant contends that the court lacked jurisdiction in ordering a conveyance of real property to the appellee. Appellant also seeks rescission of that part of the decree pertaining to mortgage payments and restitution of all sums paid since 1966. In the alternative, appellant asks restitution of sums paid toward retiring the mortgage after appellee's remarriage in 1968 and termination of further payments.

The first crucial question presented by this appeal is whether the circuit court obtained *in personam* jurisdiction over the appellant. Without *in personam* jurisdiction the power to award a binding, personal judgment was lacking, and the award to appellee, insofar as it constituted alimony or support, must be vacated. *See Peterson* v. *Peterson,* 24 Haw. 239 (1918).

Service of process by registered mail authorized by Revised Laws of Hawaii 1955, § 324-23 (1965 Supp.) may be deemed the equivalent of personal service, but it is well established that even personal service on a

---

[1]Appellant was ordered to do the following:
(c) Libellee shall convey to Libellant all of his rights, title and interest in the real property located at 542 Ilimano Street, Kailua, Oahu, Hawaii, together with the furniture, furnishings and household goods therein, in lieu of alimony in gross. Libellee to assume and hold Libellant harmless from any and all liabilities and obligations under the existing mortgage on said property. (Interlocutory Decree of Divorce, March 19, 1966.)

nonresident who is without the state will not, absent certain contacts with the state, confer ·in *personam* jurisdiction.[2] *Pennoyer* v. *Neff*, 95 U.S. 714 (1877). However, a resident served without the state is subject to the *in personam* jurisdiction of the courts of his home state. *Milliken* v. *Meyer*, 311 U.S. 457 (1940).

Our reading of the record compels us to find that prior to leaving for Japan in June, 1965, appellant was a domiciliary of the State of Hawaii. In *Blackburn* v. *Blackburn*, 41 Haw. 37, 40-41 (1955) we stated that:

> Domicile is proved by evidence of two facts: physical presence at a particular place and intention of the party to reside there permanently; or, as is sometimes said, to make the place his home with no present intent to leave at any foreseeable future time.

A person's intention is usually determined by his acts viewed in their totality. *Baltuch* v. *Baltuch,* 29 Misc. 2d 282, 210 N.Y.S.2d-54 (Sup. Ct. 1960).

We conclude that because appellant had a job, home, family and financial obligations in this state, there is sufficient evidence to show that he was domiciled in Hawaii prior to his removal to Japan in June, 1965.

In *Blackburn, supra* at 41, the court noted that "a domicile once established is presumed to continue and one alleging that a change has taken place has the burden of proof." (Citations omitted.) *Accord,* CLARK, LAW OF DOMESTIC RELATIONS, 148 (1st ed. 1968) and 1 BEALE, THE CONFLICT OF LAWS § 41A (1st ed. 1935).

There is insufficient evidence in the record to rebut the presumption that appellant's domicile in Hawaii continued while he resided in Japan. Lacking contrary evidence, we find that appellant was a domiciliary of this

---

[2] We do not decide today what effect HRS § 580-3.5 (1970 Supp.) has upon the power of the family courts to render *in personam* judgments binding nonresident defendants who maintain a substantial relationship with this state. It may well be that rather than restricting the jurisdiction of the family courts, HRS § 580-3.5 adds to the broad general jurisdiction of those courts which encompasses "minimum contacts" cases.

state when served with process in September, 1965. As such, appellant was subject to the *in personam* jurisdiction of our courts.

Appellant's next contention is that the circuit court had no authority to order a conveyance of real property incident to granting the decree of divorce. The logic of his argument is that since R.L.H. 1955, § 324-37 (1965 Supp.) provides for a "division and distribution of property," the circuit court could not order a "conveyance" of real property. Appellant notes that cases decided prior to the enactment of the statute in question did not authorize a conveyance of real property. *See Nobrega* v. *Nobrega,* 13 Haw. 654 (1901) and *Gomes* v. *Gomes,* 26 Haw. 128 (1921). We are not convinced by these arguments.

Prior to the enactment of section 324-37 of the Revised Laws of Hawaii 1955, the statute governing "permanent alimony" provided, in relevant part:

Sec. 12226. *Permanent alimony; maintenance of children.* Upon granting a divorce for the adultery or other offense amounting thereto, of the husband, the judge may make such further decree or order against the defendant, compelling him to provide for the maintenance of the children of the marriage, and to provide such suitable allowance for the wife, for her support, as the judge shall deem just and reasonable . . . (Revised Laws of Hawaii 1945.)

In 1955 that statute was amended[3] to read:

§ 324-37. *Permanent alimony; maintenance of children; division of property.* Upon granting a divorce the judge may make such further decree or order against the defendant, compelling him to provide for the maintenance of the children of the marriage, to provide such suitable allowance for the wife, for her support, and *to finally divide and distribute the estate, real, personal, or mixed,* whether commu-

---

[3]Act 77, Session Laws of Hawaii 1955.

nity, joint, or separate, *in such proportion as shall appear just and equitable* . . . . (Emphasis added.)

Thus, at the time of the divorce, the circuit court judge, pursuant to section 324-37, R.L.H. 1955 (1965 Supp.) was empowered to order a division and distribution of property. Case law which denied a conveyance of real property prior to the amendment noted above is not convincing. The purpose of the amendment was to

> . . . confer upon the judge who grants a final decree of divorce the power to make property settlements between the parties of all property, real, personal or mixed whether held as community, joint or separate property. (Stand. Com. Rep. 356, H.B. 499, House Journal 1955.)

The provisions of the bill are also intended to conserve judicial resources by eliminating a multiplicity of suits to determine the parties' proprietary interests. *Id.*

In light of the clear legislative intent to settle the rights of the parties in one proceeding, we find that the circuit court was empowered to effectuate a property settlement.

Since the circuit court had *in personam* jurisdiction over the appellant and was within its authority in ordering a conveyance of property,[4] we uphold that portion of the decree which awards appellee all "rights, title and interest in the real property."[5]

We find that this portion of the decree is nonmodifiable under HRS 580-51,[6] because it affected a final

[4] Whether the family court consistent with the "due process' requirements of both the Hawaii and Federal Constitutions could, incident to an ex parte divorce, divide and distribute property in this state belonging in part to a nonresident served constructively, is a question we do not decide today.

[5] *Supra,* n. 1

[6] HRS 580-51 states that:

§ 580-51 *Modification of alimony on remarriage.* Upon remarriage of a wife in whose favor a final decree or order for support and maintenance has been made, the judge presiding in divorce in the circuit in which the final decree or order was made, shall, upon application of any party in interest, or of any one on his behalf, and proof of the remarriage of the

property division between the parties not in the nature of support and maintenance.

Mortgage payments in the context of this decree constitute alimony[7] or support and maintenance[8] especially where the essential purpose of the payments is support.

We find that the provision in the divorce decree ordering appellant to assume the mortgage obligation must be modified upon a proper showing of changed circumstances in accordance with HRS § 580-51.

Reversed in part and remanded for modification consistent with this opinion.

*George K. Noguchi* for libellee-appellant.

*W. Patrick O'Connor (A. William Barlow* with him on the brief) for libellant-appellee.

---

wife, after such notice to the wife as the judge may direct, rescind, and annul such decree or order as to *support and maintenance* of the wife. (Emphasis added.)

[7]Kinsey v. Kinsey, 143 W.V. 574, 103 S.E.2d 409 (1958).

[8]Bowman v. Bowman, 29 Cal.2d 808, 178 P.2d 751 (1947).