**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000408
24-JUN-2026
07:54 AM
Dkt. 264 SO**

NO. CAAP-24-0000408

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


HAWAIIAN RANCHOS ROAD MAINTENANCE CORPORATION,
Plaintiff/Counterclaim Defendant-Appellee,
v.
JERRY HALVORSEN; LARRY SHELTON; GEORGE CLINE;
RAY RAQUINIO; JERRY FINE,
Defendants/Counterclaimants-Appellees, and
JUDITH BOND; STANLEY TROELLER, Defendants-Appellees,
and
NANCY BONDURANT, Defendant-Appellant,
and DOES 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC181000222)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Hiraoka and Guidry, JJ.)

Nancy **Bondurant**, representing herself, appeals from the April 24, 2024 order denying her motion to vacate a judgment and writ of execution, and the May 21, 2024 order denying her motion for reconsideration of the April 24, 2024 order, entered by the Circuit Court of the Third Circuit.[1]  We affirm.

Hawaiian Ranchos Road Maintenance **Corporation** maintains the roads in the Hawaiian Ocean View Ranchos **Subdivision** in Kaʻū. In 2018 Corporation sued several people (not including Bondurant), all of whom owned property in the Subdivision.  It alleged that the defendants conducted an invalid election, declared themselves to be Corporation's directors, and interfered

---

[1] The Honorable Henry T. Nakamoto presided.

with Corporation's operations, which prevented Corporation from conducting business.  In January 2021 an amended complaint added Bondurant as a defendant.

On September 6, 2022, a *Final **Judgment*** for $55,141.41 was entered for Corporation against Bondurant.  Bondurant did not appeal from the Judgment.  A ***Writ*** *of Execution* against Bondurant was entered on December 15, 2023.

On January 4, 2024, Bondurant moved to vacate the Judgment under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b)(4) and to discharge the Writ under Hawaii Revised Statutes (**HRS**) § 651-18.  The circuit court denied the motion on April 24, 2024.

Bondurant timely moved for reconsideration on May 6, 2024.[2]  The circuit court entered an order denying reconsideration on May 21, 2024.  This appeal followed.

Bondurant states two points of error.  She contends the circuit court erred by (1) denying her motion to vacate the Judgment and discharge the Writ; and (2) denying her motion for reconsideration.

**(1)**  HRCP Rule 60(b)(4) allows relief from a final judgment if "the judgment is void[.]"  For purposes of the rule, "a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law."  In re Hawaiian Elec. Co., 149 Hawaiʻi 343, 362, 489 P.3d 1255, 1274 (2021).

"The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard."  Maui Lani Neighbors, Inc. v. State, 156 Hawaiʻi 520, 532, 575 P.3d 610, 622 (2025).  Questions of constitutional law are also reviewed de novo under the right/wrong standard.  Id. at 533, 575 P.3d at 623.

**(a)**  Bondurant's opposition to Corporation's motion to amend its complaint stated she owned property in the Subdivision

___

[2]     The 10th day after April 24, 2024 was Saturday, May 4, 2024.  See HRCP Rule 6(a).

and was "a resident of the County of Hawaiʻi, State of Hawaiʻi." She was subject to personal jurisdiction in circuit court. Arakaki v. Arakaki, 54 Haw. 60, 62–63, 502 P.2d 380, 382 (1972).

**(b)** The circuit courts have general jurisdiction over civil cases. HRS § 603-21.5(a)(3) (2016). The circuit court had jurisdiction over the subject matter of Corporation's amended complaint. Bondurant's arguments to the contrary are based on her disagreement with the circuit court's procedure and decisions. Procedural or substantive error does not deprive a court of subject matter jurisdiction. Mattos v. Wilcox, 10 Haw. 186, 187 (Haw. Rep. 1896) ("Jurisdiction is the power to hear and determine, and does not depend upon the correctness of the decision made."). Bondurant waived her objections to any procedural or substantive error by failing to timely appeal from the Judgment.

**(c)** "The basic elements of procedural due process of law require notice and an opportunity to be heard at a meaningful time and in a meaningful manner[.]" Winn v. Brady, 156 Hawaiʻi 119, 125, 570 P.3d 1086, 1092 (2025). The record reflects the circuit court acted consistent with due process of law.

Bondurant argues the order denying her motion to vacate "is legally deficient because it failed to provide a clear and reasoned explanation, despite [her] explicitly demanding one." HRCP Rule 52(a) requires entry of findings of fact and conclusions of law only for jury-waived trials or where there is an advisory jury. "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 [(motions to dismiss)] or 56 [(motions for summary judgment)] or any other motion[.]" HRCP Rule 52(a) (emphasis added). The circuit court was not required to enter findings of fact or conclusions of law when it denied Bondurant's HRCP Rule 60(b)(4) motion.

**(d)** HRS § 651-18 (2016) provides that a writ of attachment shall be discharged if it was "improperly issued." Bondurant did not appeal from the Judgment. Other than challenging the Judgment, she offers no argument why the Writ was improperly issued.

3

We conclude the circuit court had jurisdiction over Bondurant and the subject matter of Corporation's amended complaint, and acted consistent with due process of law. The circuit court did not err by denying Bondurant's motion to vacate the Judgment and discharge the Writ.

**(2)** Denial of a motion for reconsideration is reviewed for abuse of discretion. Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992). "The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion. A motion for reconsideration is not time to relitigate old matters." Id. at 114, 839 P.2d at 27 (cleaned up).

Bondurant claims she moved for reconsideration "to correct errors of law, — appellant's unanswered jurisdictional challenge and the denial of relief under Rule 60(b)(4)." Her vehicle for that relief is this appeal. Her motion for reconsideration did not present new evidence or arguments that could not have been presented with her motion to vacate. The circuit court did not abuse its discretion when it denied Bondurant's motion for reconsideration.

The circuit court's April 24, 2024 order denying *Defendant Nancy Bondurant's Motion to Vacate Count V Final Judgment Dated September 6, 2022, and for Discharge of Improperly Issued Writ of Execution as to Defendant Nancy Bondurant Dated December 15, 2023*, and May 21, 2024 *Order Denying Defendant's Ex Parte Motion for Reconsideration of Defendant Nancy Bondurant's Motion to Vcaate [sic] Count V Final Judgment Dated September 6, 2022, and for Discharge of Improperly Issued Writ of Execution as to Defendant Nancy Bondurant Dated December 15, 2023*, are affirmed.

DATED: Honolulu, Hawaiʻi, June 24, 2026.

On the briefs:

Nancy Bondurant,
Self-represented
Defendant-Appellant.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

4

David H. Lawton,
Emil A. Macasinag,
Evans Smith,
for Plaintiff-Counterclaim
Defendant-Appellee
Hawaiian Ranchos Road
Maintenance Corporation.

/s/ Kimberly T. Guidry
Associate Judge