## Martha W. Curtis *v.* Earle J. Curtis, Jr.

Superior Court    Fairfield County at Stamford    File No. 2180

Memorandum filed September 12, 1960

*Hirschberg, Pettengill & Strong,* of Greenwich, for the plaintiff.

*Samuel Gordon,* of Stamford, for the defendant.

Comley, J.   The complaint alleges that the plaintiff obtained a divorce from the defendant on April 30, 1959; that prior to the divorce they had entered into an elaborate agreement with respect to their property affairs and that it is attached to the complaint as an exhibit; that by the terms of the Nevada decree, which is also attached to the complaint as an exhibit, the defendant was required to pay to the plaintiff alimony in the amount of $20 a week; and that he has failed to pay this since October 16, 1959. The plaintiff claims by way of equitable relief that the Nevada decree be made the judgment and decree of this court. The plaintiff also demands $400 damages.

In the argument of this demurrer, both parties treated this action as an attempt to enforce the Nevada decree as to alimony and not as a contract action based upon the separation agreement. The court will consider the complaint in that light.

In the eighth paragraph of the separation agreement, there is the following provision: "In the event that while this agreement and the terms, covenants and provisions thereof are in force and effect, a judgment or decree of absolute divorce be obtained by either party hereto against the other, either party shall have the right to offer this agreement to the Court for approval with the request that it be incorporated in any judgment or decree rendered and neither party shall seek greater rights for himself or herself in such judgment or decree than are provided by this agreement. However, the provisions of this agreement shall not be merged in any such judgment or decree but this agreement and all its provisions shall, in all respects, survive the same, shall continue in full force and effect, and may be enforced at any time or times independently of any such judgment or decree."

In the Nevada action, the present plaintiff was the defendant. She entered a general appearance and filed an answer and counterclaim, and the divorce was granted to her upon her counterclaim. No question is raised, or apparently could be raised, as to the jurisdiction of the Nevada court. The decree rendered in Nevada contains the following provision: "That the written agreement dated March 13, 1959 made and entered into by the plaintiff and the defendant herein settling the property rights of the plaintiff and the defendant and all matters pertaining to the support and maintenance of the defendant, a true full and correct copy of which said written agreement has been admitted in evidence in this action, marked and designated as

'Defendant's Exhibit 1' herein, be, and the same hereby is, by this court approved, and is recognized as a continuing agreement in and of itself, and not merged in this decree, and shall survive this decree."

The several grounds of demurrer to the complaint are based in general upon the proposition that in view of the terms of the separation agreement and in view of the terms of the decree of divorce, the only action open to the plaintiff is in the nature of a contract action to enforce the provision with respect to alimony and that there is no provision in the Nevada decree which can be enforced in this state as a judgment entitled to full faith and credit.

It is, of course, generally true that if a foreign court approves an agreement with respect to alimony and incorporates those provisions of the agreement either by reference or otherwise, the decree with respect to alimony is enforceable as a foreign judgment in this state. *Koster* v. *Koster,* 137 Conn. 707, 712; *Lasprogato* v. *Lasprogato,* 127 Conn. 510, 514; *Weil* v. *Poulsen,* 121 Conn. 281, 286. However, the situation presented in the instant case is distinguishable. While the provisions of paragraph eighth of the agreement, above quoted, provide that either party might request that the agreement be incorporated in any judgment or decree, it does not appear that any such request was made of the Nevada court, and in any event the next sentence in paragraph eighth of the agreement expressly provides that the provisions thereof shall not be merged in any judgment or decree but that the agreement and all its provisions shall continue in full force and effect and be enforced independently of any judgment or decree. It is apparent from the provisions of the Nevada decree that the court, presumably at the request of the parties, followed this final provision of the eighth paragraph of the separation agreement. While the decree re-

cites that the agreement was admitted in evidence and that it was "approved" by the court, it is further provided that it is "recognized as a continuing agreement in and of itself, and not merged in this decree, and shall survive this decree." The only possible construction to be given to this language is that, when the Nevada decree was entered, neither the parties nor the Nevada court intended that any provision for alimony should become a part of the decree and that with respect thereto the rights of the parties should rest in the future exclusively in contract. It would appear that in presenting the agreement to the court with the request that it be "approved" by the court, the parties were doing no more than to fulfil their obligation, which exists in all divorce litigation, of giving to the court full and complete information as to all that they had done in contemplation of the divorce.

The plaintiff seeks to avoid the effect of the language in the decree by relying on § 123.080 of the Nevada Revised Statutes (1957), which provides in part as follows: "If a contract executed by a husband and wife, or a copy thereof, be introduced in evidence as an exhibit in any divorce action, and the court shall by decree or judgment ratify or adopt or approve the contract by reference thereto, the decree or judgment shall have the same force and effect and legal consequences as though the contract were copied into the decree or attached thereto."

By the terms of this statute it is undoubtedly true that if the agreement had been submitted, as it was, to the Nevada court and had the court "approved" it, as it did, and had said nothing further with reference thereto, the agreement would have become a part of the decree and would now be enforceable as a foreign judgment. However, the Nevada court went further with the provision that although it approved of the agreement it is to be recognized as a

continuing agreement and not merged in the decree. It seems to this court that it would be an anomaly to enforce the Nevada decree as such contrary to the very provisions of the decree.

If it be argued that the Nevada statute is controlling and that the Nevada court committed error in issuing a decree inconsistent with the terms of the statute, the obvious answer is that the Connecticut court is not the proper forum to correct the errors of the Nevada court.

The demurrer to the complaint is sustained.