[No. 36367.   Department Two.   September 5, 1963.]

PAUL MICKENS, *Appellant*, v. RUTH MICKENS, *Respondent*.*

*Smith Troy, Don Cary Smith,* and *Clarence L. Gere,* for appellant.

*Brodie & Fristoe,* for respondent.

DONWORTH, J.—This is an action brought as an ancillary proceeding to a divorce decree entered by the Superior Court for Thurston County on September 28, 1959. It was initiated by the petition of respondent wife, alleging the violation, by appellant husband, of certain obligations imposed upon him by the terms and provisions of a property settlement agreement embodied in the divorce decree. The petition prayed for a judgment in the amount of $8,200, with interest, and requested the court to issue an order to show cause why such judgment should not be entered against appellant in favor of respondent. The order to show

*Reported in 385 P. (2d) 14.

cause was issued and a hearing was had thereon.[1] Thereafter, the following judgment was entered:

"Now, THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED that the defendant, Ruth Mickens have and recover of and from the plaintiff, Paul M. Mickens, and that the plaintiff, Paul M. Mickens, forthwith pay to the said Ruth Mickens, the sum of $7,750.00, together with interest accrued of $503.75, making a total of $8,253.75 together with defendant's costs incurred herein."

Appellant, who was the plaintiff in the original divorce action, has appealed from this judgment entered against him.

The property settlement agreement above referred to, which had been incorporated in the decree of divorce, contained, among others, the following provisions:

"Said first party [Paul M. Mickens] hereby agrees to pay to the second party [Ruth Mickens] the community equity in the family home in Elma, Washington, in the amount of $8,200.00, heretofore orally agreed to by the parties, to be paid to the second party when the home is sold; and, further, that said home will be listed for sale forthwith and the sale consummated as soon as possible, consistent with obtaining a reasonable sum therefor.

". . .

"It is further mutually agreed that the first party shall have exclusive physical possession of the family home in Elma, Washington, from the date of this instrument until such time as it is sold.

". . .

"Each party is familiar with the property taken by him or her, and it is agreed that the division of the property herein provided for is a fair, just and equitable one.

"First party assumes and agrees to pay all of the outstanding community obligations."

Acting pursuant to the agreement and decree, appellant (with respondent's approval) listed the family home for sale with the only realtor in Elma for "$37,000; Terms Cash or will sell equity." The total contract price specified in the executory real estate contract entered into by the parties

[1] At the time that the show cause order was issued, appellant resided in Grays Harbor County and respondent in Yakima County.

to this action on April 24, 1957, was $35,000, of which $6,946.95 was then paid to the vendors, and the balance was payable at the rate of $200 per month including 6 per cent interest for the first 23 months, and thereafter the monthly payments increased to $300 per month including interest. Appellant, after the divorce, continued making payments of $300 per month on the purchase of this property, in accordance with the provisions of the contract, for a period of 8 months. Meanwhile, he was endeavoring to sell the property. He was willing to reduce the asking price from $37,000 to $32,000, but no sale was effected. Thereafter, although a total of approximately $14,500 had then been paid to the vendors under the contract, appellant failed to make any further payments that became due under the terms of the contract.[2] Because of his failure to do so, the vendors of the property brought a court action which resulted in the forfeiture of the contract and the loss of appellant's and respondent's equity in the property.

The purpose of the above-quoted provision in the property settlement agreement (which became a part of the decree) was to provide a method whereby the husband could liquidate the community equity in the family home and pay the wife $8,200 from the proceeds. The parties themselves stated in their agreement that it contained a fair, just, and equitable division of the property.

Instead of maintaining the executory real estate contract in good standing until he could seek relief from the court (if, as he contends, it was impossible to liquidate the equity),

---

[2]The forfeiture clause in the contract provided, in part, as follows:

"Time is of the essence of this contract. In case the purchaser shall fail to make any payment of the said purchase price promptly at the time the same shall fall due as hereinbefore specified, or promptly to perform any covenant or agreement aforesaid, the seller may elect to declare forfeiture and cancellation of this contract and upon such election being made all rights of the purchaser hereunder shall cease and determine and any payments theretofore made hereunder by the purchaser shall be retained by the seller in liquidation of all damages sustained by reason of such failure. Service of all demands, notices or other papers with respect to such declaration of forfeiture and cancellation may be made by registered mail at the following address, to-wit: Elma, Washington, or at such other address as the purchaser will indicate in writing to the seller."

appellant, in violation of the divorce decree, deliberately abandoned the home property, and by his failure to make the monthly payments permitted the vendors to forfeit the contract. Thus, the community equity was wiped out and the amount (approximately $14,500) theretofore paid in the purchase contract was irretrievably lost.

Thereafter, respondent petitioned the superior court as above mentioned, and the court signed the order directing appellant to show cause why judgment in the amount of $8,200 with interest should not be entered against him. Appellant filed his answer to respondent's petition. The answer consisted simply of admissions and denials of the allegations in the petition. It did not contain any affirmative defense, nor did it contain a challenge to the jurisdiction of the court or raise any question as to the manner in which the proceedings were instituted. Pursuant to agreement of counsel, no hearing was held on the return day and the cause was regularly set for trial.

At the trial after respondent had rested, appellant's counsel made the following motion to the court:

"Your Honor, I would like to now raise the question of jurisdiction and move that this summary proceeding be dismissed for lack of jurisdiction."

After extensive argument before the court, appellant's motion to dismiss was denied.

The principal issue here presented by appellant is the authority of the trial court to enter the judgment appealed from in a proceeding ancillary to the divorce decree. It is appellant's contention that the proceeding in which the judgment appealed from was entered, is in the nature of a contempt proceeding, and that under this court's holding, in *Decker v. Decker*, 52 Wn. (2d) 456, 326 P. (2d) 332 (1958), a supplemental proceeding to enforce the court's decree cannot be resorted to where there is no showing that the provision sought to be enforced has any relation to the duty of the husband to support his wife or children. The *Decker* case was a contempt proceeding involving the failure of the husband to pay certain debts contracted by the community prior to the divorce as directed by the court

in the decree. The constitutional prohibition against imprisonment for debt (Const. Art. 1, § 17) was discussed. In the instant case, no order citing appellant for contempt was sought by respondent and no such order was made by the court. The present case is not a contempt proceeding. The *Decker* case is not in point.

Both parties refer to *McFerran v. McFerran*, 55 Wn. (2d) 471, 348 P. (2d) 222 (1960). In that case, the trial court entered an order of contempt and a money judgment in a proceeding initiated by a petition and an order to show cause. Although the proceeding was supplemental to a divorce action, the money judgment did not rest upon the authority of RCW 26.08.110 (relating to decrees of divorce). This court expressly stated that RCW 7.20.100 was authority for the judgment. This statute by its terms provides that, where there is a contempt, the court may, in addition to the punishment imposed for the contempt, give a judgment to indemnify the party suffering any loss or injury caused by the contempt. The instant case is not a contempt proceeding, and appellant was not held in contempt; hence, RCW 7.20.100 is not applicable.

Respondent contends that, since this is not a contempt proceeding, *Robinson v. Robinson*, 37 Wn. (2d) 511, 225 P. (2d) 411 (1950), is controlling. We do not agree with this contention. The *Robinson* case is concerned only with the court's power to enforce its decree as entered in regard to the provisions for the division of property made in a divorce decree.

In our opinion, the object of the provision in the property settlement agreement, incorporated in the divorce decree, in regard to making payments on the executory contract for the purchase of the home, the sale of the home, and the payment to respondent of the equity in the amount of $8,200, was frustrated by appellant's deliberate act in failing to make the monthly payments on the executory contract, with the result that the equity in the home was lost when the contract was forfeited by court action. Thus, compliance with the property settlement agreement and decree became impossible; hence, so did its enforcement.

We have considered in detail the question of whether the judgment was properly entered as a part of the divorce action because of the wording of the judgment. Our prior discussion does not mean that the entire judgment must now fail.

When appellant's counsel moved to dismiss the proceeding for want of jurisdiction, he argued (1) that *Decker v. Decker, supra,* was applicable, and prevented the relief sought in an ancillary proceeding to the divorce action, and (2) that respondent should have asserted her claim in an independent action by a summons and complaint. Respondent, without conceding that the court was without authority to grant the judgment prayed for as an incident to the divorce decree, submitted that properly the action ought to have been brought in a separate proceeding. Respondent then argued that appellant had waived his defense to the sufficiency of the process by failing to raise it by motion prior to answering the petition or in the answer itself.

It appears that the trial judge thought that the judgment could be entered as an incident to the divorce decree, although he agreed with respondent that there had been a waiver to the sufficiency of the process in any event. We hold that the judgment could not properly be entered upon a petition and order to show cause as an incident to the divorce decree. We also hold, however, that treating respondent's petition simply as a claim for relief, appellant did waive any defense he may have had to the sufficiency of the process or personal jurisdiction under the provisions of Rule of Pleading, Practice and Procedure 12(b) and (h). The only other jurisdictional question (with which we are now concerned) which appellant could make at the time of his motion to dismiss was that the court lacked jurisdiction over the subject matter. The superior court, being a court of general jurisdiction, had jurisdiction over the subject matter.

Where a property settlement agreement is approved by a divorce decree, the rights of the parties rest upon the decree rather than the property settlement. *United Benefit Life Ins. Co. v. Price,* 46 Wn. (2d) 587, 283 P. (2d) 119

(1955). However, whether respondent's rights be now considered contractual or otherwise, a basis for relief exists when a party to a divorce action fails to carry out the terms for the division of property made in the divorce decree and loss results to the other party as a result thereof.

There is no need for an extensive elaboration on the merits of respondent's claim. Appellant failed to pay the community contractual obligation ($300 per month) necessary to prevent the equity in the family home from being lost. This was in disregard of his obligation under the divorce decree. As a result, respondent was damaged in the amount of $8,200. Appellant paid to respondent $450, which was to apply on the $8,200 damages, contingent upon there being a valid claim; the $450 was credited to appellant by the court in entering judgment against appellant in the sum of $7,750. All of the foregoing is in accordance with the court's findings of fact.

Although not pleaded, appellant, at the hearing, attempted to establish two affirmative defenses: (1) estoppel, and (2) financial difficulty in attempting to pay all of the obligations imposed on him by the decree for the benefit of respondent. Error is assigned to the court's rulings against appellant in regard to these defenses. The court refused to consider testimony bearing on the defense of estoppel because estoppel was not pleaded. Assuming, as appellant contends, that the defense should have been considered because of the unusual nature of the proceedings, we are of the opinion that the offer of proof made was insufficient to establish circumstances that would justify an estoppel. Appellant also offered testimony of the hardship imposed upon him in making the $300 per month payments on the purchase contract, or, as he contends, his inability to make them.

The trial court ruled that testimony as to hardship was immaterial. As to such hardship, there was a showing that appellant's monthly payments on currrent financial obligations (if the payments due on the executory contract are included) approximated his monthly income (his annual income was approximately $22,000). We fail to see how the

hardship shown by appellant could constitute a defense. No authority is cited by appellant to sustain either of the two defenses asserted at the trial with the exception of the recurring citation of *Decker v. Decker, supra,* which is not in point.

The judgment appealed from is hereby modified in the following particulars: (1) the words ordering appellant to pay the sum of the judgment "forthwith" shall be stricken; (2) the interest awarded respondent in the sum of $503.75 shall be stricken from the judgment;[3] and (3) the judgment shall be reformed by designating appellant as defendant and respondent as plaintiff in the same manner as if the judgment had been entered in an original proceeding. As so modified, the judgment is affirmed. It is so ordered.

Each party shall bear his own costs on this appeal.

OTT, C. J., FINLEY, WEAVER, and HAMILTON, JJ., concur.

---

[3] The trial judge was of the opinion that a debt was created at the time of the forfeiture and thus allowed interest under the provisions of RCW 19.52.010. Since we are of the opinion that there was only a claim for relief then existing, such interest should not have been allowed.