## FRANCES STATTER DAY, Appellant, v. FAIRFIELD POPE DAY, Respondent.

No. 4738

September 15, 1964                                       395 P.2d 321

*Leslie B. Gray,* of Reno, for Appellant.

*John P. Thatcher,* of Reno, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

By motion pursuant to NRS 125.180 a former wife sought an order directing the entry of judgment for the amount of arrears claimed to be due for her support under a Nevada divorce decree granted April 7, 1949.[1] The decree approved, adopted and confirmed a written agreement which, inter alia, provided for the wife's future support. One of the agreement's provisions expressly stated that the agreement was not to be merged into any decree of divorce entered later.[2] However, the decree did not itself state that the agreement was not merged, nor did it expressly provide that the agreement survive the decree. As indicated, the decree approved, adopted and confirmed the agreement. Additionally, it ordered the parties to perform the obligations of the agreement, and gave judgment to each against the other according to its terms. As NRS 125.180 requires a judgment for the payment of money,

---

[1]NRS 125.180 provides, "1. Where the husband, in an action for divorce, makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the district court may make an order directing the entry of judgment for the amount of such arrears, together with costs and disbursements not to exceed $10 and a reasonable attorney's fee.

"2. The application for such order shall be upon such notice to the husband as the court may direct.

"3. The judgment may be enforced by execution or in any other manner provided by law for the collection of money judgments.

"4. The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law."

[2]Though the agreement also employed language normally identified with merger, such as "The provisions shall be embodied in any final judgment," "the terms and provisions of this agreement shall be incorporated in such decree," we think it clear from the entire document that the parties intended to preserve their rights to sue upon the agreement in the event of breach, and that the agreement was to survive the divorce decree and not be merged therein.

or an order directing the payment thereof, before its remedial provisions are effective, the former husband moved to dismiss the proceeding, urging that the sole remedy of his former spouse was upon the agreement. His motion was granted, and this appeal by the former wife followed. We reverse.

In Ballin v. Ballin, 78 Nev. 224, 371 P.2d 32, we mentioned the uncertainty which developed in Nevada case law before the 1953 enactment of NRS 123.080(4),[3] as to the legal effect of a divorce decree which, among other things, "adopted" an agreement. We there stated, "Before 1953, the distinction between the *approval* of an agreement on the one hand, and its *adoption* or *incorporation* on the other was recognized by this court in Lewis v. Lewis, 53 Nev. 398, 2 P.2d 131. In that case it was indicated that the *adoption* of an agreement by the trial court resulted in a merger of the agreement into the decree entered, and that a later motion to modify would be directed to the decree and not to the agreement which had been merged therein. Later, in 1948, Finley v. Finley, 65 Nev. 113, 189 P.2d 334, 196 P.2d 766, was decided. It also distinguished between the *approval* and the *adoption* of a property settlement agreement. It held that an *adoption* of such an agreement would give the wife 'in addition to her contractual rights then existing the right to invoke contempt proceedings in this state and the rights of a judgment creditor in this or any other state.' The language 'in addition to' does not indicate that the adopted agreement became merged in the decree; rather, it would appear to indicate that the adoption of an agreement makes it a part of the decree, but does not destroy its independent existence, with the

[3]The 1953 statute, NRS 123.080(4) with which the Ballin case was concerned, reads, "If a contract executed by a husband and wife, or a copy thereof, be introduced in evidence as an exhibit in any divorce action, and the court shall by decree or judgment ratify or adopt or approve the contract by reference thereto, the decree or judgment shall have the same force and effect and legal consequences as though the contract were copied into the decree, or attached thereto."

result that both contract rights and judgment rights exist. To this extent, at least *Finley* appears to be inconsistent with *Lewis*."

As the agreement in the present case was made before the 1953 statute, we must first resolve the inconsistent expressions of the *Lewis* and *Finley* cases. In line with *Lewis* we hold that the adoption of an agreement by the trial court effectuates a merger of the agreement into the decree entered. A merger destroys the independent existence of the agreement and the rights of the parties thereafter rest solely upon the decree. We overrule any contrary expression in *Finley*.

However, our resolution of the inconsistency between *Lewis* and *Finley* does not decide the further question presented here—one which was not before the court in either *Lewis* or *Finley*—namely, the effect, if any, to be given a provision of an agreement that the agreement shall not be merged in the decree and shall survive the decree, when the decree adopts the agreement but does not specifically direct survival.

In Ballin v. Ballin, 78 Nev. 224, 371 P.2d 32 (decided after the 1953 statute), we decided a closely related problem. There, though the decree used isolated words of merger, the agreement and the decree each specifically directed survival. We held, "In our view, the support clause in an agreement should, in accordance with ordinary contract principles, survive a subsequent decree if the parties so intended and if the court directs such survival." In the case before us, only the agreement directs survival; the decree does not. We now take a further step and hold that the survival provision of an agreement is ineffective unless the court decree specifically directs survival. We recognize that our view is an arbitrary one; it has to be. However, we think that questions relating to enforcement rights and choice of forum are of such significance as to require a clear and direct expression from the trial court as to whether the agreement shall survive. Absent such a clear and direct

expression in the decree we shall presume that the court rejected the contract provision for survival by using words of merger in its decree[4] ("adopt," "incorporate," etc. and, since the 1953 statute, "approve," "adopt," "ratify."). Accordingly, in the instant matter, we hold that the agreement was merged into the decree of divorce, and that the provisions of such decree for the future support of Mrs. Day are susceptible to a proceeding under NRS 125.180.

Reversed.

BADT, C. J., and MCNAMEE, J., concur.

---

[4]Most of the uncertainty can be avoided by plainly stating in the decree, "The agreement [properly identified] is merged into this decree of divorce"—or—"The agreement is not merged into this decree of divorce, but shall survive."