Olivia H. LUTON, Plaintiff-Respondent,

v.

Wilbur D. LUTON, Jr., Defendant-Appellant.

No. 33973.

St. Louis Court of Appeals,
Missouri.

Sept. 28, 1971.

Downs & Johnson, Cape Girardeau, for defendant-appellant.

Vogel & Frye, Cape Girardeau, for plaintiff-respondent.

WOLFE, Judge.

The plaintiff in this case sought to have a decree of divorce, entered in 1969 in the District Court of the State of Nevada, registered as a final judgment in the State of Missouri, under Civil Rule 74.79, V.A.M.R., § 511.760, V.A.M.S., relating to a uniform enforcement of foreign judgments. The defendant moved to dismiss plaintiff's petition for the reason that it failed to state a claim upon which the decree could be so registered. The circuit court overruled a motion to dismiss and entered a judgment for the plaintiff and the defendant has appealed.

Prior to the Nevada decree here in question the parties entered into a property settlement agreement whereby they mutually released each other of obligations and property claims upon a payment by the husband to the wife of $15,000. It was agreed that $2,000 was to be paid upon execution of the agreement and the balance was to be paid at the rate of $2,000 on May 1 of each succeeding year with interest at 7% on the unpaid balance. The $2,000 was paid upon execution of the agreement leaving an unpaid balance of $13,000.

The divorce decree entered in Nevada thereafter, which the plaintiff wife sought to have registered in Missouri, is as follows:

"IT IS ORDERED, ADJUDGED AND DECREED that the bonds of matrimony now and heretofore existing between Plaintiff, WILBUR D. LUTON, JR., and the Defendant, OLIVIA H. LUTON be, and the same are hereby wholly dissolved, set aside and held for naught,

and that the Plaintiff, WILBUR D. LUTON, JR., be, and he is hereby decreed an absolute and final Decree of Divorce from Defendant, and that the parties hereto and each of them, are hereby restored to their single status.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Property Settlement Agreement entered into on the 16th day of April, 1969, between the parties hereto, settling their property rights, be, and the same is hereby ratified, confirmed and approved, and shall not merge in said Decree but shall survive the same, and the parties hereto are hereby ordered to comply with the terms and provisions thereof.

"DATED and DONE in open Court this 22nd day of April, 1969."

Both sides moved for a judgment on the pleadings, the defendant contending that the petition to register the "Judgment" should be dismissed in that the decree sought to be registered was not a money judgment under the laws of Nevada. The circuit court thereafter overruled the defendant's motion and entered the following judgment:

"ORDERED, ADJUDGED AND DECREED that the Plaintiff Olivia H. Luton have and recover of the Defendant Wilbur D. Luton, Jr. the sum of Thirteen Thousand Dollars ($13,000.00), together with interest at the rate of 7% per annum, to be paid in installments of Two Thousand Dollars ($2,000.00) plus accrued interest, commencing on the 1st day of May, 1970, and continuing on the 1st day of May of each year thereafter until the entire balance of said judgment has been paid in full. Costs assessed against the Defendant."

■ The question before us is whether or not the decree of divorce of the Nevada Court made the property settlement agreement a part of the decree. We hold that the decree itself determines that it is not a part of the decree. It expressly states that the settlement agreement "shall not merge in said decree". The Superior Court of Connecticut had before it in Curtis v. Curtis, 22 Conn.Sup. 349, 173 A.2d 137, l.c. 139, a Nevada decree similar to the one before us which it refused to enforce as a foreign judgment. It stated:

"* * * it is undoubtedly true that if the agreement had been submitted, as it was, to the Nevada court and had the court 'approved' it, as it did, and had said nothing further with reference thereto, the agreement would have become a part of the decree and would now be enforceable as a foreign judgment. However, the Nevada court went further with the provision that although it approved of the agreement it is to be recognized as a continuing agreement and not merged in the decree. It seems to this court that it would be an anomaly to enforce the Nevada decree as such contrary to the very provisions of the decree."

This was affirmed by the Supreme Court of Errors of Connecticut, Curtis v. Curtis, 148 Conn. 733, 173 A.2d 140.

■ We cannot give greater meaning to the decree than the State of Nevada gives it, and in Ballin v. Ballin, 78 Nev. 224, 371 P.2d 32, the Nevada Supreme Court with facts similar to those before us cited with approval the above quotation from the Connecticut court and held that such a decree does not constitute an installment judgment for alimony. To hold otherwise would be in contradiction of the decree itself. Day v. Day, Nev., 80 Nev. 386, 395 P.2d 321.

Nothing we have herein said prevents the plaintiff from bringing an action in Missouri on her settlement contract, but the judgment of the circuit court on the decree of divorce is reversed.

BRADY, P. J., concurs.

DOWD, J., not participating.