Shirley West CHANDLER, Plaintiff and Respondent,

v.

Calvin D. WEST, Defendant and Appellant.

No. 16123.

Supreme Court of Utah.

April 11, 1980.

Jerome H. Mooney and JoAnn Blackburn of Mooney, Jorgensen & Nakamura, Salt Lake City, for defendant and appellant.

Hal N. Swenson of Fabian & Clendenin, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendant Calvin D. West appeals from the order of the district court that he continue making mortgage payments pursuant to a property settlement incorporated in the decree of divorce and that defendant's obligation was not terminated by his former wife's remarriage and the sale of her house.

Plaintiff Shirley West (now Chandler) filed for divorce in March 1976. In January 1977 the parties entered into an agreement entitled "Stipulation, Waiver and Property Settlement for Divorce." The agreement

provided that the plaintiff should be awarded the parties' home, which was valued at $46,000, and that defendant should make "all mortgage payments on said property." The mortgage indebtedness was less than $14,000. The agreement provided further that the defendant should be awarded the parties' interest in real property in Florida worth between $3,500 and $7,500 and should retain his interest in his retirement plan allegedly worth over $174,00 and that he pay plaintiff $300 per month alimony. The agreement also made provisions for the division of personal property and the maintenance of insurance policies. The terms of the stipulation were incorporated in the decree of divorce dated February 9, 1977.

In July 1977 plaintiff sold the home for $60,000, and sometime prior to August 1977 she remarried. Defendant then stopped making mortgage payments to plaintiff. An order to show cause was filed by plaintiff in November 1977, asking that defendant continue making payments until he paid the total amount of the mortgage indebtedness as of the date of the divorce. Defendant filed an affidavit on December 20, 1977, stating that he understood and intended the mortgage payments to be in the nature of support which would terminate upon plaintiff's remarriage. He further averred that plaintiff's remarriage and sale of the house constituted a material change of circumstances, justifying modification of the decree. Subsequently, defendant moved to set aside or modify the decree so as to terminate his obligation to make mortgage payments. Although the motion was dated December 1977, it was not filed with the court until February 1979.

A hearing was held in January 1978. The court ruled that the provision requiring defendant to make the mortgage payments was part of the property settlement agreement incorporated in the divorce decree and ordered that defendant continue to pay the mortgage payments "until such time as plaintiff has received from defendant principal payments equal to the outstanding principal balance" as of September 1978—the date of the court's order. The court also corrected the monthly obligation by

eliminating taxes and insurance costs from the mortgage payment to be made by defendant.

In addition to his contention that the mortgage payments were in the nature of support and should have been terminated, defendant makes the point that the courts in Utah retain jurisdiction to modify property settlements when there is a material change in circumstances and argues that the provision in the decree relating to mortgage payments was the product of a material mistake and should be rescinded.

██ The contention based on mistake is not persuasive. The stipulated agreement was reviewed and found reasonable by the trial court before its incorporation in the decree. The mortgage provision was subsequently reviewed by the court at the January 1978 hearing and the court at that time determined the provision to be part of the parties' property settlement and ordered continued payments. That determination, based on the court's review of the facts and circumstances, should not be overturned unless it results in such manifest injustice or inequity as to indicate a clear abuse of discretion. *English v. English*, Utah, 565 P.2d 409 (1977); *Hansen v. Hansen*, Utah, 537 P.2d 491 (1975).

██ *Land v. Land*, Utah, 605 P.2d 1248 (1980), held that property settlements are entitled to a greater sanctity than alimony and support payments in proceedings to modify divorce decrees. However, property settlements are not sacrosanct and are not beyond the power of a court of equity to modify. In this case we are not dealing with the typical distribution of specific assets pursuant to a property settlement, but with an order for the payment of a monthly mortgage obligation. Clearly it was within the power of the trial court to modify or eliminate the obligation to make those payments if the obviously changed circumstances under traditional equity standards so required. Section 30–3–5, U.C.A. (1953), as amended; *LeBreton v. LeBreton*, Utah, 604 P.2d 469 (1979).

The court in the present case heard testimony as to the plaintiff's remarriage and sale of her house and declined to modify what the court interpreted to be a stipulated property settlement between the parties without an explanation as to why those circumstances did not warrant a modification. The court made no findings of fact on which it based its decision. Findings of fact and conclusions of law may not be necessary in the denial of every action to modify a divorce decree, except to state that the change of circumstances does not warrant modification. But when a party, as in the instant case, presents a prima facie case of changed circumstances which basically raises a serious question as to fairness and equity of continuing the financial obligations of one party, the court's determination that modification of a decree is nevertheless inappropriate should be based on written findings and conclusions.

Defendant's obligation to retire the mortgage in monthly payments as set out in the divorce decree was without condition. In light of the concessions and compromises that are necessary to resolve marital differences, the mortgage payment provision may have been an integral part of the division of the parties' assets. In that case, it may be equitable for the court to find, as it did, that defendant was required to pay plaintiff the balance of the mortgage amount without regard to the sale of the house or plaintiff's remarriage. On the other hand, the sale of the house and the remarriage suggest that continuation of the mortgage payments may be unfair. Nevertheless, this Court is not in as an advantageous position to make a fair determination as to which side has the balance of the equities. For this Court to be in a position to review the propriety of the trial court's order, it is necessary that proper findings of fact and conclusions of law be made pursuant to rule 52(a), Utah Rules of Civil Procedure.

Remanded for further proceedings.

CROCKETT, C. J., and HALL, J., concur.

MAUGHAN, Justice (dissenting):

This appeal involves the interpretation of a decree of divorce. We should reverse and remand for modification pursuant to this opinion, with costs to appellant.

The decree ordered defendant-husband to pay plaintiff-wife $176.50 each month to be applied to the mortgage payments on a home awarded to plaintiff as her sole and separate property.

In March 1976, plaintiff filed a complaint for divorce. In January 1977, the parties entered into an agreement entitled Stipulation, Waiver And Property Settlement For Divorce, wherein defendant agreed to make all mortgage payments on the parties' home. A decree of divorce was subsequently entered in February 1977, wherein the essential elements of the property settlement were incorporated, the relevant provisions of the decree will be cited infra.

In July 1977, plaintiff sold her home for $60,000; the mortgage indebtedness was approximately $13,000. Plaintiff also remarried. Beginning in August 1977, defendant terminated his monthly payment of $176.50 to plaintiff. Plaintiff filed an order to show cause, seeking continuation of the mortgage payments. The trial court expressed the opinion the mortgage payments were in the nature of a property settlement. The trial court ordered defendant to pay plaintiff pursuant to the terms of the Property Settlement Agreement incorporated into the Decree of Divorce. The monthly mortgage payments were to be paid until such time as plaintiff had received payments equal to the outstanding principal balance on the home. (The amount of the monthly payment was reduced from $176.50 to $122.06 since there was no longer any responsibility to pay property taxes and fire insurance after sale of the home.)

I cannot agree with the construction of the decree by the trial court, nor by this court, viz., the proviso for defendant to pay the mortgage payments constituted a property settlement. Since the essential terms of the agreement entitled "Stipulation, Waiver and Property Settlement for Divorce" were incorporated into the decree,

by such incorporation the agreement was merged into the decree. Such a merger destroys the independent existence of the agreement, and the rights of the parties thereafter are determined solely by the decree.[1] Thus, the nature of defendant's obligation in regard to his payments on the mortgage must be determined under the terms of the decree.

"The interpretation or construction of a decree presents a question of law for the courts and a decree, like any other instrument, is to be construed reasonably. [Citation] When interpreting a decree, particularly in a divorce proceeding, the important object is to carry out the purpose and intent of the court that issued the decree." [Citation][2]

The second provision of the decree stated:
"2. That the Plaintiff be and she hereby is awarded the parties' home located at  . . ., as her sole and separate property, free and clear of any claim or interest of the Defendant. Defendant be and he hereby is ordered to make all mortgage payments on said property and to pay off and satisfy any and all liens on the property, if any exist. The Defendant be and he hereby is additionally ordered to pay the Plaintiff the sum of One Hundred Seventy Six Dollars and Fifty Cents ($176.50) each month, commencing immediately, to be applied to the mortgage payments on said home."

It is here the main opinion, in my view, departs from the reality of the situation, by quoting only part of paragraph 2, in stating, ". . . defendant should make 'all mortgage payments on said property.'" No mortgage, no payments, as is seen in the concluding sentence of paragraph 2: ". . . ($176.50) each month . . . to be applied to the mortgage payments on said home."

Defendant's duty to make the mortgage payments was contingent on the existence of a lien. If the lien or liens were extinguished, his duty was excused by this event. It is significant that the decree specified a monthly payment, which is indicative of a support and maintenance obligation. If there had been an intention to provide for a property settlement, as the trial court ruled, the unpaid balance of the mortgage could have been easily calculated and a lump sum figure plus interest, insurance, and taxes, could have been awarded, payable in installments.

In *Bowman v. Bowman,*[3] defendant was ordered to pay under the decree of divorce:
"(b) The sum of $54.05 on the first day of each month for payment to Syndicate Mortgage Company to be applied on the mortgage on the home place of the parties, until said Loan shall have been paid in full;  . . ."

The court ruled, since the mortgage payment provided the wife and child with unobstructed use of the home, it should be construed as a provision for support and maintenance.

In *Arakaki v. Arakaki*[4] defendant-husband was ordered to assume and hold plaintiff-wife harmless from any and all liabilities and obligations under the existing mortgage on the family home awarded to the wife. The court ruled:
"Mortgage payments in the context of this decree constitute alimony or support and maintenance especially where the essential purpose of the payments is support."[5]

In reviewing the entire decree there emerges a clear intent to provide plaintiff with a means to enjoy unobstructed use of the home by assuring payment of any existing liens. In paragraphs 9 and 10 of the decree, defendant was ordered to maintain

1. *Day v. Day,* 80 Nev. 386, 395 P.2d 321 (1964); *O'Leary v. O'Leary,* 280 Or. 585, 571 P.2d 1260 (1977); *Mickens v. Mickens,* 62 Wash.2d 876, 385 P.2d 14 (1963); *Hicks v. Hicks,* Okl., 417 P.2d 830 (1966).

2. *Cain v. Cain,* 59 Haw. 32, 575 P.2d 468, 474 (1978).

3. 29 Cal.2d 808, 178 P.2d 751, 753 (1947).

4. 54 Haw. 60, 298, 502 P.2d 380, 384 (1972).

5. Also see *Kinsey v. Kinsey,* 143 W.Va. 574, 103 S.E.2d 409 (1958).

certain insurance programs, designating plaintiff as the beneficiary. The provisions recited the purpose was: "so that Plaintiff will be provided with sufficient funds to insure *the payment of alimony and other payments the Defendant has agreed to make to the Plaintiff . . ."*

There is an interesting comparison in the language in paragraphs 2 and 4 of the decree. In paragraph 2, defendant was ordered to make all mortgage payments on the home and "to pay off and satisfy any and all liens on the property, if any exist." In contrast, in paragraph 4, defendant was ordered "to make the *remaining payments* on Plaintiff's vehicle, . . . *until such time as the vehicle is fully purchased and paid for."* The language of paragraph 2 appears to acknowledge the home might be sold and the mortgage discharged, or assumed by the vendee. Upon such a contingency the lien would no longer exist, and defendant's obligation to pay would be discharged. The design of the decree was to assure plaintiff would be able to live in the home she was awarded by providing defendant should make the monthly mortgage payments. Such a provision is in the nature of an order for support and maintenance, and was discharged, when plaintiff conveyed her interest in the home.

In my view, the majority confuses those cases where a property settlement agreement is made in preparation for a divorce, but its terms do not become a part of the decree; and the myriad cases where such an agreement is merged in the decree. For an example of the former see *Hagen v. Hagen,* 193 Or. 369, 238 P.2d 747 (1951).

Confusing also is the interaction of the majority with our statute § 30–3–5, U.C.A., 1953. This statute, in its provisions pertinent here, has been with us since before statehood, with a large body of case law developing around it. The statute says the court has continuing jurisdiction to make "subsequent changes or new orders with respect to . . . the distribution of property as shall be reasonable and necessary."

However, in my view, we need not be confronted with that question, because that with which we deal here is nothing more than a periodic payment of support in the form of a mortgage payment.

Also, see my dissent in *Despain v. Despain,* Utah, 610 P.2d 1303, 1980.

WILKINS, Justice (dissenting):

I concur with the conclusion of Mr. Justice MAUGHAN's dissent and specifically with his comments that the mortgage payments do not constitute a property settlement but rather a support and maintenance obligation.