Sandra A. **STODDARD**, Plaintiff and Respondent,

v.

Brent W. **STODDARD**, Defendant and Appellant.

No. 17558.

Supreme Court of Utah.

March 1, 1982.

Richard W. Brann, Ogden, for defendant and appellant.

Pete N. Vlahos, Ogden, for plaintiff and respondent.

OAKS, Justice:

This is an appeal from an order modifying a divorce decree to increase the child support obligation of the appellant husband.

**2.** See *Coronado Mining Corp. v. Marathon Oil*    *Co.*, Utah, 577 P.2d 957, 960 (1978).

Appellant argues that the district court abused its discretion in ordering the modification, and that it erred in failing to enter findings of fact and conclusions of law supporting its order.

The parties were divorced in May, 1970, when they had two children. The decree was modified in June, 1972, to provide for support for a third child born to the parties, and in April, 1975, to increase the appellant's monthly support payments from $65 to $70 per child. This appeal challenges a modification entered January 20, 1981, which increased appellant's monthly support obligation for each child from $70 to $125.

At the hearing, the district court found that "[b]oth parties have a great deal of changed circumstances," which justified the modification. Noting that "the need is there," and that "[t]here's no question that the defendant is in a much better position to pay more support now than he was before," the court ordered the increased support payments on the basis that "[w]ithin the last ten-year period of time, there has been an inflation, there's been a doubling of inflation, and there's also been a doubling of [defendant's] income." The court declined appellant's request that it enter written findings of fact and conclusions of law in support of its order.

On the merits, appellant argues that the district court abused its discretion by relying solely on the fact that appellant's income had approximately doubled in the six years since the decree was last modified, plus its own knowledge of the effects of inflation and the increased cost of living generally. He argues that the court did not give sufficient consideration to the effect of inflation on the relative expenses, obligations, and incomes of both parties. Appellant's argument is strongly supported by the Idaho Supreme Court's recent ruling that general findings of inflation and increases in the cost of living are not sufficient, standing alone, to justify a modification in an award of alimony or child support, absent a showing of the specific effect of these changes on the actual income and expenses of the parties, together with any other substantial and material changes in their needs and abilities. *Sullivan v. Sullivan*, Idaho, 639 P.2d 435 (1981). We agree.

■ Written findings and conclusions setting out the basis upon which a court's decision rests are vital to the proper information of the parties and to the proper functioning of courts. Findings and conclusions aid the trial court in rational decision making, *Romrell v. Zions First National Bank*, Utah, 611 P.2d 392, 395 (1980), and aid the appellate court in the exercise of the discretion it enjoys to review, and, if necessary, to adjust the financial and property interests of the parties. U.C.A., 1953, § 30–3–5. Notwithstanding the abundant evidence in the record in this case, and despite this Court's power to weigh the evidence and make its own findings in an equity case, *Romrell v. Zions First National Bank, supra; Wilson v. Wilson*, 5 Utah 2d 79, 84, 296 P.2d 977, 981 (1956), orderly process and appropriate deference to the trial court's advantaged position in proximity to the witnesses and parties require that we perform our function by reviewing the findings of the trial court.

Standing alone, the district court's verbal statement at the conclusion of the hearing is insufficient to satisfy the requirement in Rule 52(a) of the Utah Rules of Civil Procedure that the trial court specially find the facts and separately state its conclusions of law in every action tried upon the facts without a jury. Rule 52(a) contains the caveat that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in Rule 41(b)." However, we have concluded that court action on a request to modify a divorce decree should not be included among those "decisions of motions" referred to in this passage so as to exempt the trial court from the general requirement in Rule 52(a).

■ There is ample authority that a contested petition for modification of a divorce decree is an action tried upon the facts and requires findings of fact and conclusions of law. *Parish v. Parish*, 84 Utah 390, 35 P.2d

999 (1934); *Cody v. Cody*, 47 Utah 456, 465, 154 P. 952 (1916). More recently, in *Chandler v. West*, Utah, 610 P.2d 1299 (1980), we reversed a district court which refused to modify a stipulated property settlement incorporated in the divorce decree but gave no ·explanation for its refusal and ˙made ·no findings of fact. Instructing the trial court to enter proper findings of fact and conclusions of law on remand, we stated:

> [W]hen a party, as in the instant case, presents a prima facie case of changed circumstances which basically raises a serious question as to [the] fairness and equity of continuing the financial obligations of one party, the court's determination that modification of a decree is nevertheless inappropriate should be based on written findings and conclusions.

*Id.* at 1301.[1] Written findings and conclusions are just as necessary for the modification of child support as for the alteration or nonalteration of property settlement arrangements.[1] The trial court's decision to grant or deny a modification in child support may significantly affect the economic welfare and standard of living of the parties and their children for many years.

■ For the reasons discussed here, the district court's failure to enter findings and conclusions in this case was reversible error. The decree is therefore vacated and the case is remanded for further proceedings in accordance with this opinion. Each party to bear own costs.

HALL, C. J., and STEWART, HOWE and DURHAM, JJ., concur.

1. Other language in the *Chandler* opinion suggests that findings of fact and conclusions of law may not be necessary where "the change of circumstances does not warrant modification", except to so state. However, for the reasons set out in this opinion, even in that circumstance complete findings and conclusions are desirable, if not necessary, as an aid to parties, counsel, and the reviewing court.