Robert E. Froerer, Ogden, for defendant and appellant.

John B. Hutchison, Ogden, for plaintiff and respondent.

**Bonifacio MONTOYA, Plaintiff and Respondent,**

v.

**Viola N. MONTOYA, Defendant and Appellant.**

No. 18898.

Supreme Court of Utah.

Jan. 23, 1985.

DURHAM, Justice:

This is an appeal from an order modifying a divorce decree. In an order dated November 12, 1982, the trial court increased respondent Bonifacio Montoya's alimony obligation from a token payment of $1 per year to $100 per month. Appellant Viola Montoya seeks to have this Court modify the lower court's judgment to further increase her monthly alimony payments from the respondent.

Bonifacio and Viola Montoya were granted a divorce on September 17, 1974, after a

marriage of almost 29½ years. At the time of the divorce, Mr. Montoya was earning approximately $1700 a month as a civilian employee at Hill Air Force Base, while Mrs. Montoya was earning about $200 a month as a domestic worker. In a stipulation entered into by the parties concurrent with the divorce decree, Mr. Montoya agreed to pay $100 per month as child support for each of the three children (of seven) who had not reached majority at that time. Mrs. Montoya also received her personal property, the household furnishings and appliances, and the family home in Salt Lake County, which was subject to a mortgage with payments of approximately $70 per month. Mr. Montoya was to be responsible for all other debts of the couple, including a new roof for the house, and was to pay $100 of Mrs. Montoya's legal fees. He also received certain real property in New Mexico, subject to the requirement that it be deeded equally to the children on his death. Neither the stipulation nor the decree mentioned any future retirement or social security benefits Mr. Montoya might be entitled to receive. The decree awarded $1 per year to Mrs. Montoya.

In June 1977, after two of the minor children had reached majority, the appellant petitioned the district court to increase child support for the remaining minor child from $100 per month to $150 per month. At that time, Mrs. Montoya was earning approximately $200 per month as a housekeeper. That petition was dismissed when both parties failed to attend a scheduled hearing on the matter. In December 1977, the appellant again petitioned the court for an increase in child support for the couple's remaining minor child, based on an increase in her living expenses. On January 4, 1978, the court increased the child support to $125 per month. No findings of fact were entered by the court in connection with that modification.

On November 16, 1981, the appellant filed a motion to modify the divorce decree to provide alimony of $175 per month. At

that time, Mrs. Montoya's child support payments had ceased because the last child of the couple had reached majority, but Mrs. Montoya had a monthly income of $435 from housekeeping work. The court denied this motion on December 23, 1981,[1] finding that no substantial change in the parties' circumstances had taken place sufficient to justify an increase in alimony.

The appellant commenced the instant action in April 1982, requesting $423 per month in alimony from the respondent. Since the previous hearing, Mrs. Montoya had lost her employment as a housekeeper due to the poor state of the economy and severe allergic reactions to various substances with which she came into contact at work. Her efforts to find other work at employment agencies were fruitless because of her health and her lack of training and education. Mr. Montoya had by then retired and remarried. The record shows that he receives retirement benefits of approximately $1100 per month. Mr. Montoya alleged that he had no other source of income and that his current wife does not work. The trial court made an oral finding that Mrs. Montoya was unemployed and unemployable, and awarded her $100 per month alimony. She appeals from that award, claiming that it is inadequate.

Although the trial court ruled that the change in circumstances here required modification, no supporting findings of fact were entered. This Court has held that adequate written findings and conclusions of law "aid the appellate court in the exercise of the discretion it enjoys to review and, if necessary, to adjust the financial and property interests of the parties." *Stoddard v. Stoddard*, Utah, 642 P.2d 743, 744 (1982) (citing U.C.A., 1953, § 30–3–5). As we noted in that case, the trial court's decision in actions of this sort "may significantly affect the economic welfare and standard of living of the parties ... for many years." *Id.* at 745. It is essential that such determinations be based on prop-

1. The court did not file an order entering this judgment until April 14, 1982.

er findings of fact and conclusions of law. Furthermore, the trial court's failure to enter proper findings does not fulfill Utah R.Civ.P. 52(a), which requires that the trial court specifically find the facts and separately state its conclusions of law in every action tried upon the facts without a jury. *Stoddard* held that actions to modify a divorce decree are not exempt from this requirement. 642 P.2d at 744.

Although this Court has power in an equity case such as this to weigh the evidence and substitute our judgment for that of the trial court, *Wilson v. Wilson,* 5 Utah 2d 79, 84, 296 P.2d 977, 981 (1956), we decline to do so where we have no means of knowing upon which facts the trial judge relied in entering his judgment. We also note that this record appears to be deficient in many critical aspects. No mention is made in the record of the specific needs of Mrs. Montoya, of her income from other sources (such as welfare or unemployment compensation benefits), of any income Mr. Montoya might have aside from his pension (such as from his property in New Mexico), or of his current living expenses. This Court has stated that the criteria for determining reasonable alimony include the financial condition and needs of the wife, her ability to support herself, and the ability of the husband to provide support. *Gramme v. Gramme,* Utah, 587 P.2d 144, 147 (1978); *English v. English,* Utah, 565 P.2d 409, 411–12 (1977). Only the second of these three factors appears to be adequately developed in the record, and we are at a loss, without his findings, to know how the trial judge arrived at the figure he reached.

Following our holding in *Stoddard v. Stoddard,* Utah, 642 P.2d 743 (1982), we vacate the order entered below and remand this case to the district court with instructions to enter written findings of fact to support the award made herein and to enter a new order accordingly.

HALL, C.J., and STEWART, HOWE and ZIMMERMAN, JJ., concur.